## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WHITING ET ALS. v. TOWN OF WEST POINT.

March 16th, 1893.

1. MUNICIPAL CORPORATIONS—*Powers—Taxation.*—The powers of a municipal corporation are to be construed strictly, and the power to tax must be plainly and unmistakably conferred; and, in the absence of legislative authority, the corporation has no power to levy back taxes; and where the charter empowers the council to "order the collection of taxes for any year," this refers to taxes previously assessed, there being nothing in the charter authorizing a retrospective assessment.

2. MANDAMUS—*Compliance.*—A *mandamus* awarded to compel town council to "assess and collect taxes for corporation purposes on the property of the Terminal Company, as upon the property of other persons and corporations in the said town," the answer avers the property of the company was duly assessed for taxes for municipal purposes for the year 1892.

HELD:

> The averments of the answer being taken to be true, they show that the *mandamus* has been complied with.

Sequel to the case of *Whiting et als.* v. *Town of West Point,* 88 Va. 905.　Opinion states the case.

*H. R. Pollard,* for petitioners.

*Staples & Munford,* for respondents.

LEWIS, P., delivered the opinion of the court.

When this case was before this court at its March term, 1892, it was held that the ordinances of the town council,

exempting from taxation the property of the Terminal Company, were unauthorized and void. A *mandamus* was accordingly awarded to compel the council " to assess and collect taxes for corporation purposes on the property of the said company, as upon the property of other persons and corporations in the said town."

Upon a petition subsequently filed, complaining that this order has not been complied with, a rule was awarded requiring the defendants to show cause why they should not be compelled, by proper process, to carry into effect the said order. To this rule an answer has been filed, disclaiming. any intentional disobedience of the mandate of the court, and insisting that it has been fully executed. The answer avers that on the 13th of May, 1892, soon after a copy of the order was served, the property of the company was duly assessed with taxes for municipal purposes for the year 1892, amounting to the sum of $3,966.83, which has been paid to the town authorities ; and this, it is insisted, is all the mandate of this court required. It is also stated that, in view of the right or power of the council to collect back taxes, and the probability that any attempt on its part to do so would give rise to litigation to prevent it, and in view of the doubtful financial responsibility of the company (which, it is averred, has since passed into the hands of a receiver), the council, on the same day, accepted from the company, in full satisfaction of any claim on account of back taxes, the sum of $10,000.

The first of the ordinances above mentioned was passed on the 10th of June, 1882, and remained in force until the 2d of June, 1890, but was soon afterwards " revived and re-enacted " by an ordinance passed on the 1st of September, 1890.

The petitioners demur to the answer, and the question is thus presented, What was the scope and effect of the order of this court awarding the writ ? In other words, taking the averments of the answer to be true; do they show that the

order of this court has been complied with ? We are of opinion that they do. The order is in literal conformity with the prayer of the petition for the *mandamus*—that is to say, it required the members of the council, as already stated, " to assess and collect taxes for corporation purposes on the property of the said company, as upon the property of other persons and corporations in the said town." There was no specific prayer that taxes for any particular year be assessed, but the prayer was, in general terms, that taxes be ordered to be assessed and collected.

Nor, if the prayer be construed in connection with what precedes it, is there anything by which its scope can be enlarged. All that is alleged in the petition is merely by way of inducement to show the injustice and illegality of the ordinances complained of. There is no mention of the year 1891 at all, and the only allusion to the year 1890. was in stating that the board of public works had ascertained the property of the company liable for state taxation for that year to be of the value of $710,580.15. It is obvious that the great object of the petition was to test the validity of the ordinances in question, and there is nothing in the order of this court which can be fairly construed as a command to assess and collect taxes for any year anterior to 1892.

Besides, it is a settled principle that, in the absence of legislative authority, a municipal corporation has no power to levy back taxes. Such authority can only exist by statute. 1 Blackw. Tax Titles (5th ed.), sec. 298; 2 Dill. Mun. Corp. (4th ed.), sec. 751.

Section 508 of the Code makes it the duty of the commissioners of the revenue to assess such taxes on any property within their respective jurisdictions which has been omitted for any previous year, but that section has no application to municipal taxation; nor has there been any legislation of which we are aware authorizing the town of West Point to

levy such taxes.   The seventeenth section of its charter, it is true, empowers the council " to order the collection of taxes for any year "; but this refers to taxes previously assessed, and there is no provision in the charter authorizing a retrospective assessment.

It is a fundamental rule that the powers of a municipal corporation are to be construed strictly, and, in any case where the power to tax is conferred upon such a corporation, it must not only be clearly and unmistakably conferred, but the prescribed mode of exercising it must be strictly observed.

This view of the case renders it unnecessary to consider what was the legal effect of the acceptance of the offer of compromise, mentioned in the answer, as what has been said is decisive of the case.

RULE DISCHARGED.