# Richmond

## Commonwealth and Others v. Schmelz, Surviving Partner, Etc.

### March 12, 1914.

### Absent, Cardwell, J.

1. Appeal and Error—*Taxation—Judgment for Taxes—Agreement Not to Appeal.*—Sections 702 and 702-a of the Code (1904) refer only to the settlement by the Auditor of doubtful, old and disputed claims of long standing on the books of the office. Such settlements, to be binding, must have the approval of the Attorney General and the judge of the circuit court of the city of Richmond; but those sections have no application to an agreement by the Auditor to accept as final the decision of the trial court on a motion to correct an erroneous assessment, fixing the amount of taxes due the State. Such an agreement made in good faith by and with the advice and consent of the Attorney General, who represented and conducted the litigation on behalf of the Commonwealth, is valid and binding on the State.

2. Taxation—*County Levies—Code, Section 508—Omitted Property.*—Section 508 of the Code with reference to taxes on omitted property applies to taxes due to the counties, cities and towns as well as to taxes due to the Commonwealth. While taxes due to the political subdivisions of the State, are, for convenience, frequently designated *levies,* yet in numerous instances the words "taxes" and "taxation" are indifferently applied to State, local and municipal assessments. *Whiting* v. *Town of West Point,* 89 *Va.* 471, 473 on this point disapproved.

3. Appeal and Error—*Counties—Cities.* — Counties and cities may sue and be sued, and have the right of appeal from an adverse decision both at law and in equity.

4. Taxation—*Assessment of Taxes—Procedure—Taxes Subsequently Accruing.*—If a motion to correct an erroneous assessment of taxes for the year 1911 is still pending when the tax of 1912

falls due, it is not error to assess the petitioner with the taxes of 1912. The proceeding is informal, and it would be an idle ceremony to put the litigants, who are all before the court, to the expense and delay of filing a new application.

Error to a judgment of the Circuit Court of Elizabeth City county on a motion to correct an erroneous assessment of taxes. Judgment for the petitioner. Defendants appeal.

*Reversed.*

The opinion states the case.

*Samuel W. Williams, Attorney General; S. Gordon Cumming, W. C. L. Taliferro,* and *E . E. Montague,* for the plaintiff in error.

*J. Winston Read* and *John N. Sebrell, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This case is before us for the second time. The original proceeding was instituted by the defendant in error, Henry L. Schmelz, surviving and continuing partner of Schmelz Brothers, bankers, to correct an alleged erroneous assessment of taxes and levies upon personal property of the partnership for the years 1891 to 1911, both inclusive. At the former hearing this court, among other things, held, that "A tax-payer who comes into court under the provisions of the statute of this State, to be relieved from paying more taxes than he claims he ought to pay, renders himself liable in that proceeding to pay all taxes with which he is chargeable in that jurisdiction upon a correct assessment of his property, and to this end the court may examine into and do all that the commissioner of the revenue is

required to do under the provisions of sections 508 and 509 of the Code'' The opinion concludes: ''We are, therefore, of opinion that the court did not err in so far as it held that the plaintiff was not assessable with taxes in the county of Elizabeth City or in the city of Hampton upon the property of Schmelz Brothers, employed in their partnership business in the city of Newport News, but that it did err in refusing to admit evidence tending to show that the said firm had property in the county of Elizabeth City and in the city of Hampton which was assessable with taxes in said county or city, and which had not been assessed with taxes.'' Consequently, the decision of the circuit court was reversed, and the case remanded for further proceedings not in conflict with the views expressed in the opinion of the court.

At the rehearing, the trial court ascertained that certain personal property belonging to the firm had not been assessed for taxation, State, county, district or municipal, for the years 1886 to 1911 both inclusive. It ascertained that the principal sum due the Commonwealth on account of such taxes amounted to $2,228.49. But the court certified that the property was omitted from no fault of Schmelz Brothers and, therefore, awarded the Commonwealth the principal sum due without interest.

With respect to the claims for taxes asserted on behalf of the county of Elizabeth City and the city of Hampton, the court was of opinion that under the decision of this court in the case of *Whiting* v. *Town of West Point,* 89 Va. 741, 17 S. E. 1 the omitted property was only liable for taxes due the county and city for the year 1912 and so ordered. To that order a writ of error was granted to the Commonwealth, and also to the county of Elizabeth City and the city of Hampton.

We are met at the threshold of the inquiry with a motion by the defendant in error to dismiss the writ of error as having been improvidently awarded; the contention being that the Commonwealth, by its duly authorized officers, had agreed with the defendant in error to accept the sum awarded by the circuit court in settlement and dischage of all matters involved in the proceeding, and to abide the decision. This allegation is fully sustained by the correspondence of the parties and affidavits, with respect to the recovery on behalf of the Commonwealth, the amount of which was promptly paid by the defendant in error in accordance with the terms of the settlement. But the stipulation did not include, or in any way affect, the demands for taxes asserted by the county and city.

After the consummation of the foregoing agreement, the Auditor of Public Accounts asked to be permitted to withdraw his consent thereto and offered to return the sum paid; but the defendant in error declined to release him, and the case was appealed.

Sections 702 and 702-a of the Code are relied on to show want of authority in the Auditor to make the adjustment. Those two sections, in terms, refer only to the settlement of doubtful, old and disputed claims which have long been standing on the books of the office. Such settlements must be approved by the Attorney General and endorsed by the judge of the Circuit court of the city of Richmond to be binding; but obviously they have no application to the submission by the Auditor to the judgment of a court of competent jurisdiction. The settlement was made in good faith, by and with the advice and consent of the Attorney General, who represented and conducted the litigation on behalf of the Commonwealth, and there can be no question of its binding effect on both litigants.

It follows from what has been said that the writ of error was improvidently awarded so far as it concerns the Commonwealth, and to that extent must be dismissed.

The circuit court misconceived the scope of the decision of this court on the former hearing as to the rights of the county and city. We were then of opinion, and are still of opinion, that section 508 of the Code with respect to taxes on omitted property applies to taxes due to counties, cities and towns as well as to taxes due to the Commonwealth. It is true that taxes imposed by political subdivisions of the State are for convenience not infrequently designated *levies*. Nevertheless, on consideration of the State Constitution and statutes passed in pursuance thereof, on the general subject of taxation, it is impossible not to observe that in numerous instances the words "taxes" and "taxation" are indifferently applied to State, local and municipal assessments. Thus, we find the following language employed in article 13, section 168, of the Constitution of 1902: "All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." See also the corresponding provision in the Constitution of 1869, article 10, section 1.

The question in the case of *Whiting* v. *Town of West Point,* 88 Va. 905, 14 S. E. 698, 15 L. R. A. 860, 29 Am. St. Rep. 750, involved the validity of an ordinance exempting, under certain conditions, the property of the West Point Terminal Railway and Warehouse Company from taxation. The court held that the ordinance was void. In the sequel to that case, reported in 89 Va. 741, 17 S. E. 1, the expression in the opinion of the court,

found in 89 Va. on page 743, 17 S. E. at page 2, that "Section 508 has no application to municipal taxation," is in conflict with the conclusion reached by this court on the first writ of error in the present case, and, therefore, is disapproved.

Upon these considerations, we are of opinion that the circuit court, upon the evidence before it, erred in denying relief to the county of Elizabeth City for the years 1886 to 1911, both inclusive, and to the city of Hampton for the years 1887 (the date of its incorporation) to 1911, both inclusive.

As the question of allowing interest on these levies will depend upon the evidence adduced at the next hearing, it would not be proper to express any opinion on that subject.

The contention of the defendant in error that the county and city have no right of appeal cannot be maintained. Counties and cities may sue and be sued, and our reports abound with cases, both at law and in equity, in which their right of appeal is fully recognized.

In chapter 2, section 5, of the Code, under the title, "Rules of construction," clause 13 declares, that "person" may extend and be applied to bodies politic and corporate as well as individuals; and section 3454 provides, in part, as follows: "A person who thinks himself aggrieved by a judgment, decree or order in a controversy concerning . . the right of the State, county, or municipal corporation to levy tolls or taxes, or involving the construction of a statute, ordinance, or county proceeding imposing taxes, . . irrespective of the amount involved . . may present a petition . . . for a writ of error or supersedeas to the judgment or order."

There is only one assignment of cross-error which has not already been disposed of by the opinion at the

former hearing—namely, that the circuit court erred in assessing taxes on the omitted property for the year 1912, in favor of the county and city.

The assignment rests on the theory that the original application to correct an erroneous assessment was made in October, 1911, and hence the court had no authority to assess the parties with the tax for 1912. All parties were before the court and at the hearing the tax for 1912 was admittedly due. In these circumstances, it would have been an idle ceremony to have put the litigants to the expense and delay of filing a new application. The proceeding is informal, the result reached was inevitable, and the discretion of the court upon a mere matter of procedure was discreetly exercised.

For these reasons the order of the circuit court denying relief to the county of Elizabeth City and the city of Hampton must be reversed and the case remanded for further proceedings not in conflict with this opinion.

*Reversed.*