## Richmond

RICHARD L. DEAL AND ASSOCIATES, INC.

v.

COMMONWEALTH OF VIRGINIA, ETC., ET AL.

January 21, 1983.

Record No. 801352.

Present: All the Justices.

*Terrence Ney (Robert W. Wooldrige, Jr.; Boothe, Prichard & Dudley*, on briefs), for appellant.

*Karen A. Gould, Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

Richard L. Deal and Associates, Inc. (Deal), appeals from a final order denying its motion to enter judgment on an arbitration award against the Commonwealth of Virginia, Department of Management Analysis and Systems Development, and Comptroller of the Commonwealth of Virginia (collectively, the Commonwealth).

Under a contract dated August 28, 1978, Deal agreed to furnish the Commonwealth certain computer processing services. The contract, executed for the Commonwealth by the Acting Data Processing Contracts Manager, provided that disputes "will be settled by arbitration . . . and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof." Deal submitted a claim to the Commonwealth for $25,116.85 allegedly due for extra work performed under a work order. In a letter denying the claim, the Commonwealth suggested the possibility of settling the dispute by arbitration. Deal filed a demand for arbitration, the parties agreed upon an arbitrator, and a hearing was scheduled. At the hearing, the Commonwealth was represented by the Office of the Attorney General. Counsel for both parties made opening statements, examined and cross-examined witnesses, introduced documentary evidence, and made closing arguments. No question was raised concerning the validity of the arbitration clause. On February 13, 1980, the arbitrator entered an award of $20,000 in favor of Deal.

The Commonwealth refused to pay, and Deal filed a motion under Code § 8.01-579 to reduce the award to judgment. The Commonwealth asserted the defenses of palpable mistake and *ultra vires*. In a final order denying Deal's motion, the trial court found no mistake but ruled that "[t]he Commonwealth is not bound and cannot be bound by the arbitration provision . . . [or] by the legally unauthorized acts of its agents, nor is it appropriate to apply a doctrine of estoppel against the Commonwealth."

The first question Deal raises on appeal is "[w]hether an agreement to submit a dispute to arbitration is binding upon the Commonwealth". The Commonwealth, Deal believes, is a "person" or "party" authorized by Code § 8.01-577 to "enter into a written agreement to arbitrate which will be as binding as any other agreement." We disagree.

While "[t]he word 'person' may extend and be applied to bodies politic and corporate as well as individuals", Code § 1-13.19, and we have recognized that the word may apply to counties and cities under certain circumstances, *Commonwealth* v. *Schmelz*, 116 Va. 62, 67, 81 S.E. 45, 47 (1914), we hold that the sovereign is a person or party within the intendment of a statute only when the General Assembly names it expressly or by necessary implication. We find nothing in the legislative history of the arbitration statutes to support the implication Deal urges.

Deal is mistaken in its argument that "[e]ntry into an arbitration agreement by an agency of the Commonwealth has been previously upheld by this Court." Deal misconceives the nature of the agreement reviewed in *Main v. Department of Highways*, 206 Va. 143, 142 S.E.2d 524 (1965), the case upon which it relies. There, the Commonwealth and a highway contractor agreed that "[t]o prevent all . . . litigations, the Commissioner shall decide all . . . disputes . . . and his estimates and decisions . . . shall be final and conclusive". *Id.* at 148 n.1, 142 S.E.2d at 527 n.1. It is true that we upheld that clause in the contract, but not because we considered it an agreement the arbitration statutes authorized the Commonwealth to make. Indeed, we had no occasion to allude to the arbitration statutes. Those statutes contemplate arbitration of disputes by an impartial arbiter; the Commissioner of the Department of Highways was a party interested in the dispute. The statutes provide for judicial review of an arbitrator's award; under the provisions of the contract in *Main*, the Commissioner's decisions were final and conclusive, and the contracting parties waived the right to litigate. The contract we upheld, then, was nothing more than an agreement to conduct a purely administrative review; the issue Deal raises in this appeal has never been expressly decided by this Court.

 Since the sovereign can act only through its agents, the question underlying the issue Deal poses is whether those agents are legally authorized to execute an arbitration agreement binding upon their principal. In two published opinions, both antedating the contract in issue, the Attorney General has concluded in the negative.

[N]o officer or agent of the Commonwealth has authority to enter into contracts on behalf of the Commonwealth which contain a clause agreeing to submit disputes to arbitration, regardless of the identity of the arbitrator. It follows that any such contract would be invalid as to the "arbitration of disputes" clause . . . .

*Op. Va. Att'y Gen.* 61-62 (Nov. 20, 1952); *accord, Op. Va. Att'y Gen.* 368 (July 29, 1971).

We quote this opinion, not as controlling authority, but rather as an aid in construing legislative intent. Although these "guidelines for the benefit of public officials", *In Re: Dept. of Correc-*

*tions*, 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981), have been in the public domain for 30 years and the arbitration statutes have been amended twice in that time, Acts 1968, c. 244; Acts 1977, c. 617, the General Assembly has never enacted legislation authorizing agents of the Commonwealth to agree to submit disputes to arbitration. The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view. *See Albemarle County* v. *Marshall, Clerk*, 215 Va. 756, 762, 214 S.E.2d 146, 150 (1975) (acquiescence for a period of seven years).

We have held that counties and cities cannot be bound to a contract executed by their agents without legal authority.

> It is settled beyond controversy that the agents, officers, or governing body of a municipal corporation, or of a county cannot bind the corporation by a contract which is beyond the scope of its powers. The inhabitants of a municipal corporation are its corporators, and the officers are but the public agents of the corporation. Their duties and powers are prescribed by statute or by charter, which all persons not only may know, but are bound to know. It results from this doctrine that contracts not authorized by the charter, or by statute, and which are, therefore, not within the scope of the powers of the corporation, are void, and in actions thereon the corporation may successfully set up as a defence its want of power.

*County of Alleghany* v. *Parrish*, 93 Va. 615, 621, 25 S.E. 882, 884 (1896). If a unit of local government may invoke that defense, the sovereign may.

As we construe legislative intent, the Commonwealth is not a person or party within the contemplation of the arbitration statutes, and its agents have no authority to bind it to an arbitration agreement. We hold, therefore, that the clause in issue was *ultra vires*.

Nevertheless, under its second assignment of error, Deal contends that the Commonwealth was estopped to deny the validity of the contract because its agents executed the document and that it was estopped to deny the validity of the arbitrator's award be-

cause its agents performed the contract by participating in the arbitration proceedings.

■ But an *ultra vires* contract is void *ab initio* — "not voidable only, but wholly void, and of no legal effect", and "[n]o performance on either side can give the unlawful contract any validity, or be the foundation of any right of action upon it." *Central Transp. Co.* v. *Pullman's Car Co.*, 139 U.S. 24, 59-60 (1891) (*quasi* public corporation contract). "When the contract is once declared *ultra vires*, the fact that it is executed does not validate it, nor can it be ratified so as to make it the basis of suit or action, nor does the doctrine of estoppel apply." *Richmond R. Co.* v. *Richmond, Etc.*, 145 Va. 266, 299, 133 S.E. 888, 898 (1926) (state-chartered corporation contract); *accord, Bristol* v. *Dominion Nat. Bank*, 153 Va. 71, 81, 149 S.E. 632, 635 (1929) (city contract); *County of Alleghany* v. *Parrish*, 93 Va. at 621, 25 S.E. at 884 (county contract). In light of this rule, the distinction Deal draws between contracts executed by the Commonwealth in the discharge of its governmental function and those executed in its proprietary capacity is immaterial to the estoppel argument.[1]

■ We conclude that the trial court applied correct principles of law, and we will affirm the order it entered. We must add, however, that we agree with the judge's comment that "[t]his result is offensive and unfair". The Commonwealth's agents were charged with knowledge that their actions were legally unauthorized, and their conduct has caused Deal to suffer much unnecessary delay, inconvenience, and expense. And, while "[t]hose who deal with public officials must at their peril take cognizance of their power and its limits", *Bristol* v. *Dominion Nat. Bank*, 153 Va. at 83, 149 S.E. at 636, we believe those who act for the Commonwealth should examine the extent of their powers before they act. Accordingly, our mandate will be entered without prejudice to Deal's

---

[1] In the course of its argument, Deal asserts that, in *Commonwealth* v. *Wash. Gas Light Co.*, 221 Va. 315, 269 S.E.2d 820 (1980), "this Court expressly upheld the principle that the doctrine of equitable estoppel may be applied against the Commonwealth." Even a casual reading of our opinion in that case contradicts Deal's assertion. We *assumed*, "for purposes of this opinion only," *id.* at 324, 269 S.E.2d at 826, that the doctrine may be applied to the State Corporation Commission in the administration of the emergency powers act; we *held* that the Commission was not estopped because the party which invoked the doctrine had failed to prove reliance and detriment. *Id.* at 325-26, 269 S.E.2d at 826-27.

right to pursue its claim heretofore presented under the provisions of Code §§ 2.1-223.1, *et seq.*[2]

*Affirmed.*

---

[2] According to the averments of counsel at bar, Deal has filed a timely petition for judicial redress pursuant to Code § 8.01-192.