**CIRCUIT COURT OF THE CITY OF RICHMOND**

Southern Displays, Inc.

v.

Commissioner of the Department
of Highways and Transportation

May 22, 1986

Case No. N-2998-1

By JUDGE MELVIN R. HUGHES, JR.

[There was a] hearing on March 20, 1986, on plaintiff's Petition For Appeal From Administrative Decision and Motion for Declaratory Judgment. After taking evidence, the Court took the case under advisement subject to a briefing schedule.

This case arose after defendant did not renew two highway sign permits. The testimony revealed that the permits in this case were applied for on July 17, 1984, and on November 5, 1984, and expired on December 31 of each year. The permits are subject to renewal for ensuing calendar years upon proper applications, §§ 33.1-356, 33.1-361, 33.1-362, Code of Virginia of 1950, as amended.

It was further revealed that after the permits were issued and the signs placed at the authorized locations, defendant discovered that the permits were erroneously granted because the locations had not been previously zoned industrial or commercial as of September 21, 1959, and department regulations prohibit signs in areas not zoned commercial or industrial, as of September 21, 1959, adjacent to Interstate Highways, §§ 33.1-370, 33.1-371. Due to this discovery, the defendant by letter dated January 16, 1986, revoked the permits. Plaintiff asks the Court to rescind the revocation or in the alternative declare the revocation improper and award damages in the amount of $85,241.60 and attorney fees and costs.

During the hearing, the Court expressed its concern in two areas: (1) whether estoppel, which plaintiff agrees is the thrust of its position, applies to an agency of the Commonwealth in this case, and (2) whether a claim for damages against the named defendant by way of declaratory relief is allowable in view of the Virginia Tort Claims Act. The latter question was reserved for later discussion depending on the decision on the former.

It is my belief that in this case, the defendant is not subject to the laws of estoppel when acting in a governmental capacity where, as here, acts or representations of its agents and employees are found to be unauthorized. *Ellis v. Commissioner of Dep't of Mental Hygiene & Hosps.*, 206 Va. 194 (1965), *Deal v. Commonwealth of Virginia*, 224 Va. 618 (1983).

Further, I believe that while this Court has authority to review the decision of the Commission by appeal pursuant to §§ 33.1-364, 33.1-366, these statutes are not applicable here because by their terms, the 30-day notice required contemplates a permittee being able to correct the cited problem after 30 days. The facts here suggest the problem is not correctable.

Further, I do not think this is a proper case for estoppel anyway since the plaintiff cannot show reliance and detriment. While the evidence supports the idea that once granted, permits are customarily renewed, the statutory scheme, nonetheless, conditions the continuation of the permit on a yearly renewal.

Accordingly, I find the portion of plaintiff's pleading on the appeal to be without merit.

Based on our discussions of the damage claim, plaintiff should amend its pleading within 21 days to name the Commonwealth as the party defendant or otherwise advise the Court in what way it intends to proceed on the claim for money damages due to the alleged negligence of highway department employees and agents.

I am prepared to enter an order finding for the defendant as to the prayer for rescission of the administrative ruling and allowing for an amendment as mentioned above should plaintiff be advised to proceed in the remaining part of the case.