## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

James M. Ellingsworth

October 10, 1990

Case No. (Law) 11445

By JUDGE JAMES H. CHAMBLIN

In this proceeding to have the defendant declared an habitual offender, he contends that the Commonwealth has waived or relinquished its right to have him declared an habitual offender. He relies on the recent decision of Judge Robert G. O'Hara, Jr., in *Commonwealth v. Brown* (letter opinion dated August 22, 1990; Sussex County Circuit Court).

For the reasons hereinafter set forth, the Court finds that the facts of this case are distinguishable from the facts in *Brown*. Even if the facts were the same, I respectfully disagree with Judge O'Hara's decision in *Brown*. The defendant is declared an habitual offender.

The defendant's declaration as an habitual offender is predicated upon three "Driving While Intoxicated" convictions. The last occurred on October 4, 1989. As of that date, the defendant fell within the statutory definition of an "Habitual Offender."

On January 20, 1990, the Commissioner of the Department of Motor Vehicles ("DMV") revoked the defendant's license for a period of six months as a result of the October

4, 1989, conviction. The defendant was advised by the Commissioner that his license would be re-issued after six months from the time he surrendered it to DMV upon payment of the reinstatement fee and proof of financial responsibility. The defendant surrendered his license to DMV on February 2, 1990.

On June 4, 1990, DMV certified pursuant to § 46.2-352 that the defendant's driving record brought him within the definition of an "Habitual Offender." The information was filed herein on June 11, 1990. The show cause order returnable July 6, 1990, was served personally on the defendant on June 21, 1990.

On June 22, 1990, the Commissioner suspended the defendant's privilege until he caused a form SR-22 to be filed and paid a reinstatement fee. This case was continued from July 6, 1990, to August 3, 1990, then to September 14, 1990, and finally to September 26, 1990, for hearing. Mr. Robbins noted his appearance as counsel for the defendant on July 16, 1990.

Some time after June 22, 1990, the defendant caused the form SR-22 to be filed. On August 15, 1990, the defendant paid the required fees and was issued by DMV a valid license which he still retains.

This case is different from *Brown* in several respects. In *Brown*, the defendant was never advised by DMV that he was within the definition of an habitual offender. Here the defendant was served with the show cause order which had a copy of the Commissioner's transcript attached almost two months before he applied for reissuance of his license. Further, unlike *Brown*, the Commissioner in this case did act to administratively revoke the defendant's license. As Judge O'Hara wrote in *Brown*:

> A course of conduct by the Commissioner of the Division of Motor Vehicles, consistent with the reasoning of this opinion when the respondent's current license expires or is suspended, would obviously bring about a different result.

Letter opinion dated August 22, 1990, at page 3.

In this case, there cannot be any waiver caused by the failure of the Commissioner to act as in *Brown*.

Here the Commissioner did act. He did all the law required him to do.

The defendant seems to argue that, under the waiver argument of *Brown*, the Commonwealth waived its right to have the defendant declared an habitual offender because DMV reissued a license to the defendant after it had certified that his driving record brings him within the definition of an habitual offender. I do not agree. First, I do not believe that to be Judge O'Hara's reasoning in *Brown*; and secondly, even if that is his reasoning, I do not believe it to be correct.

The decision in *Brown* rested on the failure of the Commissioner to act administratively. That is not the situation in this case. If the Commissioner has done all the law requires him to do administratively, then I do not see how that can constitute a waiver. I find no statutory authority for the refusal by DMV to issue an operator's license solely because an individual's driving record brings him within the definition of an habitual offender or because the Commissioner has issued the certification required by § 46.2-352.

The failure of the Commissioner, as an agent of the Commonwealth, to act should not constitute a waiver. The Commonwealth is not subject to the laws of estoppel when acting in a governmental capacity. *See, Richard L. Deal & Assoc. v. Commonwealth*, 224 Va. 618 (1983); *Commonwealth ex rel. Attorney General v. Washington Gas Light Co.*, 221 Va. 315 (1980); *Ellis v. Commissioner of Department of Mental Hygiene & Hospitals*, 206 Va. 194 (1965); 7A Michie's Jurisprudence, *Estoppel*, Section 6. The Commonwealth is not estopped to proceed to have a person declared an habitual offender because of the acts or failure to act of its agent. Further, a person is declared an habitual offender by a circuit court and not by the Commonwealth. It is not the Commonwealth's "right to have the respondent adjudged an habitual offender," but the right in the Commonwealth by the Commissioner to start the proceeding to have a person declared an habitual offender. The declaration of a person as an habitual offender is a judicial act, and not a governmental act.

Let Mr. Forsyth prepare an order declaring the defendant an habitual offender to which Mr. Robbins may note his exception.