## CIRCUIT COURT OF WARREN COUNTY

Larry Andrews et al.

v.

Warren County
Board of Supervisors et al.

May 30, 1995

Case No. (Law) 95-78

By Judge John E. Wetsel, Jr.

This case came before the Court on May 26, 1995, for trial on the issue of whether the general obligation bonds proposed to be sold by Warren County to the Virginia Public School Authority, without voter approval, to finance school construction projects are valid. The bonds are to be sold pursuant to the Public Finance Act of 1991. Va. Code § 15.1-227.1 *et seq.*

The parties appeared with their counsel, James H. Falk, Jr., Rose Burks Embery, and Robert K. Tompkins for the Plaintiffs, and William G. Broaddus and Douglas W. Napier for the Defendants. All the parties' prefiled exhibits were admitted into evidence, except for Plaintiffs' Exhibits 1 and 7. Evidence was heard *ore tenus* and argued by counsel. Upon consideration whereof, the Court has made the following decision to approve the issuance of the bonds and to dismiss the Plaintiffs' motion for judgment.

### I. *Findings of Fact*

The following facts were either stipulated or found by the greater weight of the evidence.

Plaintiffs are citizens, taxpayers, and property owners in Warren County, Virginia.

Defendant Warren County Board of Supervisors is a political subdivision of the Commonwealth of Virginia. The County Board is composed of

five members: Staige Miller, Chairman; Cleffie Scott Thomson; Ashby Crowder; Donald H. McNeill, Jr.; and, Stuart L. Rudacille. Defendant Warren County School Board is a political subdivision of the Commonwealth of Virginia. The School Board is composed of five members: J. Michael Spory, Chairman; Debra Barnett; Betsy Blauvelt; Mark Bower; and, Virginia Sager. School Board Chairman Spory is a full-time probation officer employed by the Commonwealth of Virginia.

After a duly publicized public hearing on August 29, 1994, School Board member Bower was appointed by the County Board to the School Board on September 7, 1994. See Defendants' Exhibits 12, 13, and 14.

On November 5, 1991, the County Board submitted to the voters of Warren County, by referendum, the question of whether the County Board should contract debt, borrow money, and issue general obligation school bonds in the amount of $21,100,000.00 for a new high school. *See* Plaintiffs' Exhibit 2. The citizens of Warren County voted on November 7, 1991, to reject the proposed school bonds for the new high school. *See* Plaintiffs' Exhibit 2.

On or about January 26, 1995, the School Board requested, by resolution, $50,000.00 in funding from the County Board for architectural planning of new school facilities. *See* Plaintiffs' Exhibit 3. The School Board did not hold public hearings on this architectural funding request nor was the request previously approved by the County Board.

At a called meeting on February 2, 1995, the School Board approved a resolution requesting that the County Board issue, without voter approval, up to $24,000,000.00 in general obligation school bonds to finance the construction of a new high school and a new elementary school and that the School Board's bond request be presented to the County Board on February 7, 1995. *See* Plaintiffs' Exhibit 4. The vote on the resolution was 4 to 1, with Ms. Barnett voting against the resolution, and the resolution provided in pertinent part:

(i) determined that it was advisable to issue general obligation bonds to finance school construction,

(ii) requests the Board of Supervisors to issue the proposed school bonds,

(iii) consents to the issuance of the bonds, and

(iv) authorizes the submission of an application to the Virginia Public School Authority to sell the bonds.

*See* Defendants' Exhibit 2.

On February 3, 1995, the School Board submitted an application to the Virginia Public School Authority ("VPSA") for the issuance, without voter approval, of $24,000,000.00 in school bonds by the County Board without having first obtained the approval of the County Board. *See* Plaintiffs' Exhibit 5. Although the County Board had neither received the School Board bond request nor held public hearings on the matter, the School Board by letter of School Superintendent Cook advised the VPSA on February 3, 1995, that approval of the school bonds by the County Board "is expected to be adopted on Tuesday, February 7, 1995." *See* Plaintiffs' Exhibit 6.

In its February 3, 1995, application to the VPSA (*see* Plaintiffs' Exhibit 5), the School Board admitted the following material facts:

(a) the bonds are for the construction of a new high school and a new elementary school;

(b) the total cost of the two projects is expected to be $34,000,000.00;

(c) the School Board anticipates that the County Board will make up the $10,000,000.00 difference by applying for a loan from the Literary Fund;

(d) the projects have not been reviewed or approved by the Virginia Department of Education.

On February 7, 1995, the Board of Supervisors adopted a resolution authorizing the County Administrator to submit the bond application to the Virginia Public School Authority. *See* Defendants' Exhibit 4.

On March 15, 1995, the Board of Supervisors held a duly advertised public hearing in accordance with Va. Code § 15.1-227.8 on the question of issuance of the bonds. After the hearing, the Board of Supervisors adopted a resolution pursuant to Va. Code § 15.1-227.41 authorizing the issuance and sale of the bonds in the amount of $23,620,000 to the Virginia Authority. *See* Defendants' Exhibit 7.

On March 16, 1995, the Circuit Court of Warren County entered an Order filing the Board of Supervisors Resolution. *See* Defendants' Exhibit 5.

The Virginia Authority approved the application and authorized sale of the bonds. *See* Defendants' Exhibit 6. The Virginia Authority initially authorized sale of the bonds for Warren County in early May, 1995, but the pendency of this litigation caused cancellation of that sale.

The general factual scenario of this case is described as follows. Voters reject a bond issue for a new high school in November 1991 Referendum 2282-1908. 1995 School Board requests issuance of $24 million school bonds by the County Board for a new high school and a new elementary

school. County Board requests that VPSA purchase $24 million of its school bonds. VPSA agrees to purchase County Board's $24 million school bonds. VPSA sells its own bonds in the public bond market in an amount sufficient to purchase the County Board's school bonds. VPSA takes the proceeds from the sale of its bonds in the public bond market and delivers said proceeds to the County Board. County Board delivers the $24 million in proceeds received from the VPSA to the School Board. County Board imposes a twenty year *ad valorem* tax upon the citizens of Warren County in an amount sufficient to repay VPSA pursuant to a twenty year repayment schedule. VPSA takes the payments received from the County Board and repays the purchasers of its bonds from the public bond sale.

## II. *Conclusions of Law*

Article VII, Section 10(b), of the Constitution of Virginia and the Public Finance Act of 1991, Virginia Code §§ 15.1-227.1 *et seq.* prescribe a procedure by which counties may issue general obligation bonds without voter approval for capital school projects, when the School Board and the County Board consent, and the bonds are to be sold to a designated state agency. *See* Virginia Code § 15.1-227.39(B).

The Public Finance Act of 1991 applies to "all actions . . . involving bonds of . . . any political subdivision . . . ." Va. Code § 15.1-227.52. Under the Act, this Court may invalidate the bonds only if it "finds substantial defects, material errors and omissions in the bond issue." § 15.1-227.60 of the Code. This statute "is a codification of the general principle that the validity of a bond issue will be sustained by the courts, if possible." *Harper v. City of Richmond,* 220 Va. 727, 740, 261 S.E.2d 560 (1980) (decided under former § 15.1-221).

There is no basis for relief pursuant to the Declaratory Judgment Act, Virginia Code § 8.01-184, because the Public Finance Act supersedes and controls over all other Acts. Va. Code § 15.1-227.52. *See Harper v. City Council,* 220 Va. 727, 261 S.E.2d 560 (1980) (decided under former § 15.1-213). Even if the Declaratory Judgment Act were applicable, it would not change the outcome of this proceeding.

Defendant Board of Supervisors of Warren County, as the issuer of the bonds, is a proper party defendant. Va. Code § 14.1-227.55. Defendant Warren County School Board is not a proper party defendant, because it is not the issuer of the bonds. Its Demurrer seeking dismissal will be sustained.

Virginia Code § 22.1-30, upon which the plaintiffs rely, provides that: "No state, county, city or town officer . . . may, during his term of office, be appointed as a member of the school board for such county, city or town . . . ." The opinions of the Attorney General can be used by courts as "an aid in construing legislative intent." *Deal v. Commonwealth*, 224 Va. 618, 621, 299 S.E.2d 346 (1983). "A public officer is a position created by the Constitution or statutes of the sovereign. Where the position is created by administrative action, it does not rise to the level of an office." 1982-83 Opinions of the Attorney General, p. 392. A decade ago, the Attorney General opined that a state probation officer is an "employee" and is not a state or local official prohibited by Va. Code § 22.1-30 from serving on a school board. 1985-86 Ops. A.G., p. 161, opinion to the Hon. Thomas M. Jackson, Jr. The General Assembly is "presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces its acquiescence in the Attorney General's view." *Browning-Ferris, Inc. v. Commonwealth*, 225 Va. 157, 161, 300 S.E.2d 603 (1983). Accordingly, Mr. Spory may lawfully sit on the school board.

All members of the Warren County School Board were properly appointed and were legally entitled to perform the duties of their offices, which included voting on the February 2, 1995, resolution. Mr. Bower was appointed after a public hearing and in accordance with the governing statutes. *See* Virginia Code § 22.1-29.1. Even if there were a defect in the appointment of any member, the member's vote and the Board's official action would still be valid under the *de facto* officer doctrine. *Owen v. Reynolds*, 172 Va. 304, 1 S.E.2d 316 (1939) (acts of *de facto* school board members valid); *McCraw v. Williams*, 74 Va. (33 Gratt.) 510 (1880) (act of de facto judge in imposing manslaughter conviction valid).

The February 2, 1995, School Board resolution relating to the bonds was legally adopted and meets the requirements of Va. Code § 15.1-227.39(B)(iii). The law does not require that the School Board obtain approval of the Board of Supervisors before submitting an application to the Virginia Authority.

The February 7, 1995, action of the Board of Supervisors authorizing submission of the application to the Virginia Public School Authority was legally taken.

The duly authorized and publicized public hearing of March 15, 1995, held by the Board of Supervisors met the requirements of Va. Code § 15.1-

227.8 of a public hearing before "final authorization of the issuance of" the bonds.

The March 15, 1995, resolution of the Board of Supervisors authorizing the issuance and sale of the bonds was legally adopted and meets the requirements of Va. Code § 15.1-227.39(B)(iii). Therefore, the requisite consent of the school board and governing body of Warren County have been obtained and given in accordance with the governing law.

The bonds will be used for capital projects for school purposes as required by Sec. 10(b) of Art. VII of the Constitution and Va. Code § 15.1-227.39(B).

The Virginia Public School Authority is a state agency authorized to purchase the bonds which the County plans to sell. Va. Code § 22.1-166. "The [Virginia Public School] Authority was authorized to purchase bonds issued by counties . . . of the Commonwealth for school construction purposes." *Virginia Public School Authority v. Craigie*, 212 Va. 464, 466, 184 S.E.2d 803 (1971) (decided under former law).

The County is not legally required to own the real estate on which a school is to be constructed as a condition to the issuance of school construction bonds. The County is not legally required to obtain any environmental approvals or permits nor to file an environmental impact statement as a condition to the issuance of school construction bonds.

The bonds have been legally authorized pursuant to the Public Finance Act of 1991 and Article VII, Section 10(b), of the Constitution of Virginia, and there are no substantial defects, material errors, or omissions in the bond issue. Va. Code § 15.1-227.60.

The 1991 voter rejection of the referendum for the county to issue general obligation bonds to finance school construction does not prevent the County Board from deciding in 1995 to finance school construction by a method which does not require voter approval. *See* Opinions of the Attorney General, 1990, pp. 55, 57; and 1977-78, pp. 187, 188. When a local government may accomplish a lawful objective by one of two means, such as the two bond financing methods permitted in this case, it is not estopped from choosing a second method when the first one fails. In short, the 1991 referendum applied only to the 1991 plan, it has no application to the 1995 plan.

The bonds may be legally issued and sold and, when issued, will be valid, legal, and binding general obligations of Warren County.

## III. *Decision*

For the foregoing reasons, a final judgment order will enter (1) entering final judgment for Defendants, the Board of Supervisors of Warren County and the Warren County School Board, and dismissing the Motion for Judgment with prejudice and (2) denying Defendants' motion for sanctions.