## CIRCUIT COURT OF WARREN COUNTY

Fortsmouth Volunteer
Fire Dept., Inc.

v.

Warren County
Board of Supervisors

July 23, 1999

Case No. (Chancery) 99-140

BY JUDGE JOHN E. WETSEL, JR.

This case came to be heard on July 23, 1999, on the Plaintiff's Petition for a Temporary Injunction. Matthew D. Banks, Esquire, appeared for the Plaintiff; and W. Todd Benson, Esquire, appeared for the Defendants. The facts and the law were argued by the parties.

### I. *Statement of Material Facts*

The following facts are not in dispute.

The Plaintiff is a volunteer fire company in Warren County, Virginia. The Defendant is the governing body of Warren County, Virginia. The Plaintiff and Defendant are parties to a "Fire and Rescue Services Agreement," which they entered into in 1998. Paragraph G of the Agreement provides that "This agreement may be terminated by either party only after 3 months notification to the other."

On July 19, 1999, the Warren County Fire Department Advisory Committee considered the issue of the dissolution of the Fortsmouth Fire Department and recommended that the Board of Supervisors decide whether the Fortsmouth Fire Department should be dissolved.

On July 20, 1999, the Board of Supervisors passed a resolution which provided that the Fortsmouth Volunteer Fire Department would be dissolved unless all of its officers resigned by July 26, 1999, after which time the County would appoint new officers.

Warren County Ordinance § 18-7 provides that "The Board [of Supervisors] may act to dissolve a [fire] Company only after receiving a recommendation regarding such action from the Advisory Committee."

The Plaintiff has filed this injunction claiming that the County has exceeded its authority by intervening in the internal affairs of the Fire Company and acting without the recommendation of the Advisory Committee and in violation of the contract between the parties.

## II. *Conclusions of Law*

Virginia Code § 27-10 provides that "the governing body of the county ... for any reason deems it advisable ... may dissolve the [fire] company." This statute is clear and unambiguous and gives the board of supervisors the plenary power to dissolve a fire company in its county for any reason.

Fire companies are formed and controlled under the County's police power granted it by the governing statutes. Virginia Code §§ 27-6.1 *et seq.* "A municipal corporation cannot, by ordinance, delegate to subordinate officials the entire police power conferred upon it by the state." 56 Am. Jur. 2d, *Municipal Corporations, etc.*, § 369. "[L]ocal ordinances must conform to and not be in conflict with the public policy of the State as embodied in its statutes." *King v. County of Arlington*, 195 Va. 1084, 1090 (1954).

The Fire Company argues that the County may not dissolve the Fortsmouth Fire Department because the Warren County Fire Department Advisory Committee has not recommended that the department be dissolved pursuant to Warren County Ordinance § 18-7. The recommendation of the Advisory Committee is just that, a recommendation; it is not the final word on the subject, because only the board of supervisors has that final authority. Accordingly, the recommendation provisions of Warren County Ordinance § 18-7 are precatory not mandatory, and the Board of Supervisors may dissolve the fire company with or without the recommendation that the fire company be dissolved of the Advisory Committee.

"Municipal contracts are within the rule that every contract is made with reference to existing statutes, and that statutory provisions enter into and become part of the contract by operation of law." 56 Am. Jur. 2d, *Municipal Corporations, etc.*, § 498. *See Richard Deal & Assocs. v. Commonwealth*, 224 Va. 618, 622, 299 S.E.2d 346 (1993). The contract between the parties cannot

restrict the absolute right granted to the Board of Supervisors to dissolve the fire company. Moreover, "no action may be maintained by any person against a county upon any claim or demand, until such person has presented his claim to the governing body of the county ... ." Virginia Code § 15.2-1248. The Court has denied the injunction, and any monetary claims must first be submitted to the Board of Supervisors.

### III. *Decision*

Therefore, it is adjudged and ordered that: (1) the Petition for a temporary injunction is denied; (2) the Defendant's Demurrer is sustained.