## COMMONWEALTH OF VIRGINIA

## V.

## KENNETH LEE STANLEY

Record No. 840963

September 5, 1986

Present: All the Justices

58

*(Gerald L. Baliles, Attorney General; Walter A. McFarlane, Deputy Attorney General; Jeffrey A. Spencer, Assistant Attorney General,* on brief), for appellant. Appellant submitting on brief.
No brief or argument for appellee.

POFF, J., delivered the opinion of the Court.

The Commonwealth of Virginia appeals from a judgment dismissing an information filed by the Commonwealth's Attorney alleging that Kenneth Lee Stanley's record of convictions shows that he is an habitual offender.

Code § 46.1-387.2(a), the Habitual Offender Act, defines an habitual offender as a driver who has a record of "[t]hree or more convictions" within a 10-year period. The statute also declares, however, that "where more than one included offense shall be committed within a six-hour period such multiple offenses shall, on the first such occasion, be treated for the purposes of this article as one offense provided the person charged has no record of prior offenses chargeable under this article".

The Division of Motor Vehicles (DMV) certified abstracts of Stanley's record which showed four convictions: (1) driving under the influence of intoxicating beverages (DUI), October 19, 1978; (2) DUI, October 19, 1982; (3) DUI, November 18, 1983; and (4) driving on a revoked license, November 18, 1983. In the first of two rulings underlying its judgment, the trial court concluded that the first conviction could not be considered because the abstract "was not executed by the duly constituted Judge". The abstracts of the third and fourth convictions showed that the two offenses had been committed simultaneously, and, in its second ruling, the trial court concluded that they "constituted a single offense" under the statute. Finding proof of only two convictions, the court dismissed the show cause order and directed that a certified copy of the judgment be sent to DMV. "A proceeding under Virginia's Habitual Offender Act is not a criminal proceeding," *Whorley v. Commonwealth*, 215 Va. 740, 746, 214 S.E.2d 447, 451, *cert. denied*, 423 U.S. 946 (1975), and we granted the

Commonwealth an appeal to consider the trial court's second ruling.

In an opinion issued the year following enactment of the Habitual Offender Act, the Attorney General concluded that multiple offenses committed simultaneously "are to be counted as one offense . . . only if the driver has no record of a previous offense chargeable under the Act." 1968-69 Op. Att'y Gen. 178, 179 (1969). Thereafter, the General Assembly amended the Act on four occasions. Acts 1970, cc. 507, 724; Acts 1974, c. 453; Acts 1982, c. 655; Acts 1984, c. 780. None of these amendments altered the Attorney General's construction of the statute.

> The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view.

*Deal v. Commonwealth*, 224 Va. 618, 622, 299 S.E.2d 346, 348 (1983) (citation omitted).

Obviously, the General Assembly intended multiple offenses committed within a six-hour period to constitute a single offense under the Habitual Offender Act only when the driver has not previously been convicted of an offense chargeable under the Act and then "only on the first occasion". Because the record shows that Stanley was convicted of such an offense on October 19, 1982, we hold that the trial court erred in ruling that Stanley's two convictions on November 18, 1983 constituted a single conviction. We will reverse the judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*