**Richmond**

JOHN E. BASFIELD, s/k/a
JOHN EDWARD BASFIELD

v.

COMMONWEALTH OF VIRGINIA

No. 0291-89-2

Decided October 2, 1990

COUNSEL

J. Burkhardt Beale (Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—John E. Basfield was convicted of operating a motor vehicle while under the influence of alcoholic beverages or other self-administered intoxicants or drugs. On appeal, he complains that the trial court erred in receiving into evidence against him a certificate of blood analysis which had not been filed as required by Code § 19.2-187. We agree and reverse the conviction.

On November 25, 1988, the appellant was arrested and charged with operating a motor vehicle while under the influence of alcoholic beverages or other self-administered intoxicants or drugs. Advised of the requirements of the implied consent law, he submitted to a blood test. Blood samples were drawn and submitted to the Division of Consolidated Laboratory Services for analysis. A duly attested certificate of that analysis was filed in the general district court on December 20, 1988. Convicted in that court, the appellant appealed to the circuit court in which on March 1, 1989 he suffered the conviction on appeal. There was no evidence that the certificate of blood analysis was ever filed in the office of the clerk of the circuit court. Over objection by the defendant the trial court received the certificate into evidence. This was error.

Code § 18.2-268(L), which relates to blood samples drawn in connection with charges of operating a motor vehicle while under the influence of alcohol, provides in part:

> When any blood sample taken in accordance with the provisions of this section is forwarded for analysis to the Division, . . . the certificate as provided for in this section shall, when duly attested by the Director of the Division or his designated representative, be admissible in any court, in any criminal or civil proceeding, as evidence of the facts therein

stated and of the results of such analysis.

Code § 19.2-187 provides:

In any hearing or trial of any criminal offense, a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial. . . .

The Commonwealth argues that the requirements of Code § 18.2-268(L), relating to the admissibility of a certificate of blood analysis into evidence, are sufficient and complete, and that they, being special with respect to a particular charge, should apply in derogation of the general requirements of Code § 19.2-187. The deficiency in this argument is that it applies to cases of statutory contradiction. We see no inconsistency between the two statutes. Code § 18.2-268(L) provides for admissibility in the context of the implied consent law, imposing the requirement of submission to testing and prescribing the procedures by which that requirement is enforced. Section 19.2-187 imposes a condition for the exoneration of an otherwise hearsay document from the application of the hearsay rule, thus making that document admissible. We hold, therefore, that the admissibility of a certificate of blood analysis prepared pursuant to § 18.2-268 is governed by the requirements of § 19.2-187. That statute demands strict compliance. *See Gray v. Commonwealth*, 220 Va. 943, 265 S.E.2d 705 (1980); *Allen v. Commonwealth*, 3 Va. App. 657, 353 S.E.2d 162 (1987).

The appellant further contends that the court erred in giving Instruction No. 4.[1] Since the case is to be remanded, we shall consider that question.

---

[1] This instruction was not lodged in the appendix as required by Rule 5A:25. However, we were successful in locating it in the record.

Instruction No. 4 told the jury:

> You have received evidence of the amount of alcohol in the blood of the defendant at the time of the alleged offense. If there was at that time 0.10 percent or more of alcohol in the defendant's blood, there is a rebuttable presumption that the defendant was under the influence of alcohol. This presumption may be rebutted by other evidence.

The defendant objected to the instruction on the ground that the only evidence concerning the amount of alcohol in his blood was the certificate of blood analysis which related not to the time of the alleged offense, but rather to the time the test was performed. This argument flies in the face of Code § 18.2-269 which provides:

> In any prosecution for a violation of § 18.2-361.1 or § 18.2-266(ii), or any similar ordinance of any county, city or town, the amount of alcohol in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcoholic content of his blood in accordance with the provisions of § 18.2-268 shall give rise to the following rebuttable presumptions. . . .

Instruction No. 4 was a correct statement of the law. The language "as indicated by a chemical analysis" sets forth a presumption that the blood alcohol level determined in the test is indicative of the blood alcohol level at the time of the alleged offense. *See Davis v. Commonwealth*, 8 Va. App. 291, 300, 381 S.E.2d 11, 16 (1989).

The judgment of the trial court is reversed and remanded for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Baker, J., and Cole, J., concurred.