**Alexandria**

RICHARD ALLAN HOYE

v.

COMMONWEALTH OF VIRGINIA

No. 0071-90-4

Decided June 4, 1991

Counsel

Raymond J. Morley, Jr. (Pfitzner & Morley, on briefs), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**WILLIS, J.**—By order of December 21, 1989, the appellant, Richard Allan Hoye, was "declared an habitual offender pursuant to Section 46.2-351 of the 1950 Code of Virginia." This determination was based on proof that the appellant had suffered the following convictions: (1) March 18, 1988 — driving while intoxicated in violation of the Fairfax County Code § 82-4-17; (2) November 28, 1988 — driving while intoxicated in violation of Code § 18.2-266; and (3) November 28, 1988 — operating a motor vehicle in violation of court ordered restricted license, in violation of Code § 18.2-271.1.

■ Code § 46.2-351, as it existed on December 21, 1989, defined an habitual offender as follows:

> An habitual offender shall be any . . . person [who] has accumulated the convictions . . . described in this subsection . . .

> 1. Three or more convictions . . . of the following . . . offenses:

> \* \* \*

> b. Driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.2-266;

> c. Driving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked in violation of §§ 18.2-272, 46.2-301 or § 46.2-302;

> \* \* \*

> 3. The offenses included in subdivisions 1 and 2 of this section shall be deemed to include offenses under any valid county, city, or town ordinance paralleling and substantially conforming to the state statutory provisions cited in subdivisions 1 and 2 of this section and all changes in or amendments thereof, and any federal law, any law of another state or any valid county, city, or town ordinance of another state substantially conforming to the aforesaid state statutory provisions.

Although this is a civil proceeding, its effect is to impose a forfeiture. Therefore, the operative statute must be strictly construed against the Commonwealth.

The appellant's two convictions for driving while intoxicated are embraced within Code §§ 46.2-351(1)(b) and 46.2-351(3). He argues that his conviction for operating a motor vehicle in violation of Code § 18.2-271.1 does not fall within the purview of Code § 46.2-351, because there is no reference therein to Code § 18.2-271.1. He concedes that Code § 18.2-271.1(E) provides that any person who operates a motor vehicle in violation of the restrictions of a license issued pursuant to Code § 18.2-271.1 shall be guilty of a violation of former Code § 46.1-350, but argues that Code § 46.2-351 also makes no reference to former Code § 46.1-350.

Chapter 727 of the Acts of Assembly (1989) repealed Title 46.1 of the Code of Virginia and enacted Title 46.2. The act provided in pertinent part:

> That whenever any of the conditions, requirements, provisions, or contents of any section, article, or chapter of Title 46.1 or any other title of this Code as such titles existed prior to October 1, 1989, are transferred in the same or modified form to a new section, article, or chapter of this title or any other title of this Code and whenever any such former section, article, or chapter is given a new number in this or any other title, all references to any such former section, article, or chapter of Title 46.1 or other title appearing in this Code shall be construed to apply to the new or renumbered section, article, or chapter containing such conditions, requirements, provisions, contents, or portions thereof. 1989 Va. Acts 1926.

Code § 18.2-271.1(E) expressly provided that the appellant's November 28, 1988 conviction for operating a motor vehicle in violation of restrictions imposed by Code § 18.2-271.1 was a violation of Code § 46.1-350. The quoted provision of the 1989 Acts translates that reference to Code § 46.2-301, a violation expressly embraced within the scope of Code § 46.2-351. Therefore, the trial court acted properly in considering that conviction in adjudging the appellant an habitual offender.

The judgment of the trial court is affirmed.

*Affirmed.*

Duff, J., and Moon, J., concurred.