**Alexandria**
DANA LYNN FLAHERTY
v.
COMMONWEALTH OF VIRGINIA
No. 0997-91-4
Decided March 24, 1992

COUNSEL

Daniel J. Travostino, for appellant.

Robert Q. Harris, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

ELDER, J.—Dana Lynn Flaherty, appellant, appeals from a final order of the Circuit Court of Clarke County adjudicating her an habitual offender, revoking her privilege to operate a motor vehicle for ten years, and ordering her to surrender her operator's license. On appeal, she asserts: (1) that a 1985 conviction for driving with a blood alcohol concentration of 0.15 percent or more by weight by volume, in violation of Code § 18.2-266(i), should not be considered a qualifying conviction for habitual offender status under Code § 46.2-351; and (2) that a 1983 conviction was for violating Code § 18.2-388 and should not be considered a qualifying conviction for habitual offender status under Code § 46.2-351. The judgment of the trial court is affirmed.

Appellant's 1983 conviction was pursuant to a warrant charging her with a violation of Code § 18.2-388 (the "drunk in public statute") and not Code § 18.2-266 (the "driving under the influence" statute). Although the warrant cited Code § 18.2-388, the description of the offense was "operate a motor vehicle while under the influence of alcohol." The trial court marked this warrant "guilty as charged." The 1985 conviction was pursuant to a warrant charging appellant with driving while her blood alcohol concentration was by weight by volume 0.15% or more, a violation of Code § 18.2-266(i), which was in effect at the time of the offense in December 1984.

At trial, appellant argued that Code § 46.2-351, being penal in nature and effect, should be strictly construed. Consequently, she asserted, neither the 1983 nor the 1985 conviction fell within its requirements. The court ruled that the habitual offender statute was remedial in nature and thus should be construed broadly. The

court found that both the 1983 and 1985 convictions counted toward appellant's habitual offender status.

Code § 46.2-351 details the requirements for finding a person an habitual offender. A court must determine that a person has accrued on his driving record:

Three or more convictions . . . singularly or in combination, of the following separate offenses arising out of separate acts:

\* \* \*

b. Driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.2-266 or subsection A of § 46.2-341.24.

Appellant's position with regard to her 1985 conviction is that Code § 46.2-351 does not include violations of Code § 18.2-266(i) as predicate convictions for a finding of habitual offender status. Her argument is based on the contention that Code § 18.2-266(i) is distinguishable from the balance of Code § 18.2-266 both because the elements that go to prove a violation of it set it apart and because the critical phrase "under the influence" is missing from its terms.

This Court discussed the nature of inquiries under Code § 18.2-266(i) in *Davis v. Commonwealth*, 8 Va. App. 291, 381 S.E.2d 11 (1989).

[T]he inquiry under Code § 18.2-266(i) is not whether a driver was in fact "under the influence of alcohol" to a degree that his ability to drive safely was affected; rather, the issue is whether *at the time he was driving* his blood alcohol concentration was at least .10 percent as measured by a subsequently administered chemical test. It is for this reason that subsection (i) and similar statutes in our sister states have come to be known as "per se" statutes.

*Id.* at 298, 381 S.E.2d at 15 (emphasis in original). Appellant suggests that, because a defendant could possibly prove that he or she was not driving under so great an influence of alcohol that his or her driving ability was affected and yet still be convicted under Code § 18.2-266(i), a conviction under Code § 18.2-266(i) cannot

be considered a predicate conviction for purposes of the habitual offender statute.

■ Appellant correctly cites to *Hoye v. Commonwealth*, 12 Va. App. 587, 405 S.E.2d 628 (1991), for the proposition that, although an habitual offender adjudication brought pursuant to Code § 46.2-351 "is a civil proceeding, its effect is to impose a forfeiture. Therefore, the operative statute must be strictly construed against the Commonwealth." *Id.* at 589, 405 S.E.2d at 629. Construing the statute strictly against the Commonwealth, appellant argues, this Court must reject a conviction for violating Code § 18.2-266(i) as a predicate conviction for a finding of habitual offender status, because Code § 46.2-351 requires a violation for driving "under the influence." Code § 18.2-266(i) does not proscribe driving "under the influence;" rather, it proscribes driving with "a blood alcohol concentration of 0.10 percent or more." Code §§ 18.2-266(ii)-(iv), on the other hand, all proscribe driving "under the influence."

We believe that appellant's argument ignores the plain language of Code § 46.2-351, the provision defining an "habitual offender." Code § 46.2-351(1) lists the types of convictions which, when numbering three or more, justify a finding of habitual offender status. Code § 46.2-351(1)(b) describes one such conviction as being for "[d]riving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.2-266 or subsection A of § 46.2-341.24." Code § 46.2-351(1)(b) does not describe such a conviction as being for driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of *Code § 18.2-266 except for subsection(i)*.

■ We do not believe the legislature intended the result urged by appellant. It is unreasonable to assume the General Assembly intended courts to exclude the offense described in Code § 18.2-266(i) when applying Code § 46.2-351(1)(b). While this Court has a duty to interpret Code § 46.2-351 strictly against the Commonwealth, that duty does not require this Court to ignore the legislative intent that inspired Code § 46.2-351(1)(b).

Our reading of Code § 46.2-351 is based on more than a fair-minded reading of the statute and the obvious legislative intent that inspired it. In October 1985, approximately one year after the General Assembly amended Code § 18.2-266 to include sub-

section (i), the Attorney General concluded that the predecessor to Code § 46.2-351 "should be read to include a conviction of any offense in violation of § 18.2-266," and that "a conviction for a violation of § 18.2-266(i) may be used as one of the three convictions required to bring an individual within the definition of an habitual offender." 1985-86 Op. Att'y Gen. 204-05 (1985). Subsequent to this 1985 opinion, the General Assembly amended the Habitual Offender Act in 1989, Acts 1989 cc. 705, 727, without altering the Attorney General's construction.

> The legislature is presumed to have had knowledge of the Attorney General's interpretation of the statutes, and its failure to make corrective amendments evinces legislative acquiescence in the Attorney General's view.

*Deal & Assocs., Inc. v. Commonwealth*, 224 Va. 618, 622, 299 S.E.2d 346, 348 (1983)(citation omitted).

■ We hold, therefore, that a conviction under Code § 18.2-266(i) is a predicate conviction to a finding of habitual offender status under Code § 46.2-351.

With respect to her 1983 conviction for violating Code § 18.2-388, appellant correctly asserts that a conviction for Code § 18.2-388 lies outside the purview of Code § 46.2-351. However, appellant is incorrect in arguing that her 1983 conviction, allegedly for violating Code § 18.2-388, may not stand as a predicate conviction to the trial court's determination that she is an habitual offender.

■ The warrant with which appellant was charged in 1983 incorrectly cited the code section at issue as Code § 18.2-388, which goes to public drunkenness. However, the incorrect citation of a Code section in a warrant does not control determination of what offense was charged when the defendant plainly had notice of the true nature of the charge against him or her. *Williams v. Commonwealth*, 5 Va. App. 514, 516-17, 365 S.E.2d 340, 341 (1988). Here, not only was the description of the actual offense in the warrant correct ("Operate a motor vehicle while under the influence of alcohol"), but the summons involved in the 1983 conviction accurately identified the statute at issue as Code § 18.2-266. Appellant had sufficient notice of the actual crime with which she was charged notwithstanding the misrecital of the stat-

ute in the warrant.

The court's disposition of the 1983 case merely adds further proof that appellant was not convicted of public drunkenness, a Class four misdemeanor punishable by no more than a $100 fine. Appellant was fined $200 and her license was suspended pending completion of ASAP, punishments that clearly follow a driving while intoxicated conviction.

The record leaves no room for doubt that appellant was convicted of driving while intoxicated in 1983. The trial court's ruling that the 1983 conviction was for a violation of Code § 18.2-266 is supported by the record, and we will not disturb it on appeal.

In light of the foregoing analysis, the judgment of the trial court is affirmed.

*Affirmed.*

Bray, J., and Moon, J., concurred.