## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Sandhu

### March 30, 1992

### Case No. (Criminal) 73627

BY JUDGE WILLIAM G. PLUMMER

The issue before the Court is whether a certificate of blood alcohol analysis sought to be introduced by the Commonwealth is admissible under the provisions of Virginia Code §§ 18.2–268, 19.2–187, and 19.2–187.01. For the following reasons, I find that the certificate is inadmissible on the grounds that the chain of custody has been broken. Defendant Sandhu's objection to its admission into evidence is sustained.

Sandhu initially argues that the certificate is inadmissible on the grounds that the individual who actually performed the blood alcohol analysis did not attest to the certificate and that it thereby fails to meet the strict requirements of Code § 19.2–187. Code § 18.2–268(K), however, specifically allows a representative of the Director of the Division of Forensic Science to execute a certificate of blood alcohol analysis. Read together with Code § 18.2–268(K), Code § 19.2–187 permits the admission of a certificate executed by such representative. Although the Virginia Supreme Court, in *Basfield v. Commonwealth*, 11 Va. App. 122, 398 S.E.2d 80 (1990), required strict compliance with Code § 19.2–187, the *Basfield* opinion simply concerned filing requirements under that Code section, rather than the contents of an admissible certificate. In fact, the Court found no inconsistency between Code § 18.2–268 and Code § 19.2–187. Con-

sequently, the fact that a representative of the Director of the Division of Forensic Science attested to the certificate, rather than the individual who actually performed the blood alcohol analysis, does not alone render the certificate inadmissible under Code § 19.2–187.

In addition, Sandhu challenges the chain of custody of the blood sample under Code § 19.2–187.01, which provides that a duly attested certificate constitutes prima facie evidence as to the custody of the blood sample described therein from the time it was received by an authorized agent of the laboratory until it was released after analysis. The Code further provides, "The signature of the person who received the material for the laboratory on the request for laboratory examination form shall be deemed prima facie evidence that the person receiving the material was an authorized agent and that such receipt constitutes proper receipt by the laboratory." Va. Code Ann. § 19.2–187.01 (1980 & Supp. 1991).

In this case, such prima facie evidence is unavailing to the Commonwealth. Abiding by his duty to be fair with the Defendant, the Assistant Commonwealth's Attorney has stipulated that R. D. Cook, who signed the certificate as having examined the blood sample and is listed thereon as having been its recipient, did not actually receive the sample. The certificate thereby did not satisfy Code § 19.2–187.01. Further, the certificate violated Code § 18.2–268(K), which requires such a document to indicate who received the blood sample. By the Commonwealth's stipulation, the certificate at issue simply does not so indicate. Accordingly, I find that the chain of custody has been broken with respect to the blood sample, and I sustain Sandhu's objection to the admission of the certificate of blood alcohol analysis.

Nonetheless, the Court finds the evidence to be sufficient to find Sandhu guilty of driving while intoxicated. The arresting officer testified that Sandhu travelled at a speed of 65 m.p.h. in a 35 m.p.h zone and that Sandhu was weaving within his lane. Moreover, the officer smelled a strong odor of alcohol about Sandhu's person. The officer further testified that in performing a field test of standing on one leg, Sandhu kept falling back against the car. Similarly, during the heel-to-toe test, Sandhu placed his feet one-half to an inch apart and staggered back and forth. I find this evidence sufficient to support a conviction of driving while intoxicated.

The Court, however, will withhold issuing a final judgment in this case pending an en banc decision by the Court of Appeals in *Lash v.*

County of Henrico.█ The Court will rule on Sandhu's claim of double jeopardy subsequent to receipt of that decision.