**Richmond**

RUDOLPH E. NESSELRODT

v.

COMMONWEALTH OF VIRGINIA

No. 1286-92-4

-and-

MALCOLM WAYNE THOMPSON

v.

COMMONWEALTH OF VIRGINIA

No. 1311-92-4

-and-

TONY LEE TUSING

v.

COMMONWEALTH OF VIRGINIA

No. 1314-92-4

-and-

WILLIE A. SCOTT

v.

COMMONWEALTH OF VIRGINIA

No. 1328-92-4

-and-

WANDA LYNN HERALD

v.

COMMONWEALTH OF VIRGINIA

No. 1331-92-4

-and-

GEORGE F. CARTER, III

v.

COMMONWEALTH OF VIRGINIA

No. 1371-92-4

Decided December 20, 1994

450

Counsel

Dabney Overton, Jr. (Walter F. Green, IV; Green & O'Donnell, on brief), for appellants.

Jeffrey A. Spencer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on briefs), for appellee.

## UPON A REHEARING EN BANC

Opinion

WILLIS, J.—On May 24, 1994, a panel of this Court reversed and remanded the habitual offender adjudications of Rudolph E. Nesselrodt, Malcolm Wayne Thompson, Tony Lee Tusing, Willie A. Scott, Wanda Lynn Herald, and George F. Carter, III. *See Nesselrodt v. Commonwealth,* ____ Va. App. ____, 444 S.E.2d 261 (1994). The Commonwealth's petition for rehearing *en banc* was granted and the mandates of the May 24, 1994 opinion were stayed. Upon rehearing *en banc*, we affirm the judgments of the trial court and order that the mandates of the May 24, 1994 opinion be vacated.

■ Because an habitual offender adjudication imposes a forfeiture, strict compliance by the Commonwealth with the statutory requirements for such adjudication is required. *See Hoye v. Commonwealth,* 12 Va. App. 587, 589, 405 S.E.2d 628, 629 (1991); *Flaherty v. Commonwealth,* 14 Va. App. 148, 151, 415 S.E.2d 867, 868 (1992). However, a proceeding under the Habitual Offender Act is not a criminal proceeding. *Commonwealth v. Stanley,* 232 Va. 57, 348 S.E.2d 231 (1986). Its purpose is to protect the traveling public. *Virginia ex rel. Shifflett v. Cook,* 333 F. Supp. 718 (W.D. Va. 1971). Therefore, the Commonwealth's strict compliance obligation applies only to the specific requirements for adjudication.

The Commonwealth's Attorney of Rockingham County filed in the trial court informations seeking to have the appellants declared habitual offenders under the Habitual Offender Act, Code §§ 46.2-351 through 46.2-363. Attached to each information was a document prepared by the Commissioner of the Department of Motor Vehicles and certified in the manner provided by Code § 46.2-215. Two of these documents were designated "Abstract of Driver History" (Nesselrodt and Scott). Four were designated

"Transcript of Record" (Thompson, Tusing, Herald, and Carter). Each document set forth the convictions alleged to bring its respective subject driver within the definition of an habitual offender, reciting, with respect to each conviction, the trial court, the offense, the offense date, and the conviction date.

Code § 46.2-352 provides, in pertinent part:

> The Commissioner shall certify, from the Department's records, substantially in the manner provided for in § 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender . . . .

> The transcript or abstract may be admitted as evidence as provided in § 46.2-215. The transcript or abstract shall be prima facie evidence that the person named therein was duly convicted, or held not innocent in the case of a juvenile, by the court wherein the conviction or holding was made, of each offense shown by the transcript or abstract.

The documents furnished by the Commissioner may be transcripts of the Department's records. However, they are not transcripts of the underlying conviction documents because they are not literal recitations or reconstructions of those documents. Therefore, however those documents may be captioned by the Commissioner, the issue is whether they are abstracts of the appellants' conviction documents within the contemplation and requirement of Code § 46.2-352. We hold that they are.

*Black's Law Dictionary* 10 (6th ed. 1990) defines "abstract," in pertinent part, as follows:

> A lesser quantity containing the virtue and force of a greater quantity; an abridgement . . . . [A] [s]ummary or epitome, or that which comprises or concentrates in itself the essential qualities of a larger thing or of several things.

An abstract is a concentration of information characterized by essence and relevance.

Code § 46.2-352 calls for the provision of information necessary to "bring the person named therein within the definition of an habitual offender." It does not require that the trial court rec-

ord be cluttered with material extraneous to that specific purpose. The information furnished in these cases satisfies that plain purpose and requirement.

■ The appellants contend that Code § 46.2-386, which sets forth the requirements for inclusion in abstracts of conviction certified by trial courts to the Department of Motor Vehicles, should be read to specify the information required to be provided under Code § 46.2-352. They argue that this section is the only statutory statement of required content for abstracts. We find this argument unpersuasive. By its express terms, Code § 46.2-386 relates only to abstracts required by Code § 46.2-383. It requires the provision of information by trial courts to the Department of Motor Vehicles, a record keeping agency. It purports in no way to define the term "abstract" in any other respect. We perceive no reason to strain the scope of this statute to require the interjection of useless and irrelevant information into a specific statutory proceeding.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., Baker, J., Coleman, J., Elder, J., Bray, J., Fitzpatrick, J., concurred.

Benton, J., with whom Barrow, J., and Koontz, J., join dissenting.

Each of the appellants was adjudged to be an habitual offender under the motor vehicle laws as specified in Code §§ 46.2-351 through 46.2-363. At the evidentiary hearings, the appellants objected to the use as evidence of the documents certified by the Department of Motor Vehicles on the ground that the documents were not transcripts or abstracts of the underlying convictions.[1] Appellants argued that the documents did not contain the data

---

[1] In pertinent part, Code § 46.2-352 reads as follows:
The Commissioner [of the Department of Motor Vehicles] shall certify, from the Department's records, substantially in the manner provided for in [Code] § 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender, as defined in [Code] § 46.2-351, to the attorney for the Commonwealth of the political subdivision in which the person resides according to the records of the Department. . . .

that Code § 46.2-386 mandates to be included in "abstracts" and, thus, the requirements of Code § 46.2-352 and Code § 46.2-354 were not satisfied.[2] The trial judge overruled the objections, considered the convictions listed in the documents, and declared the appellants habitual offenders.

The transcript or abstract may be admitted as evidence as provided in [Code] § 46.2-215. The transcript or abstract shall be prima facie evidence that the person named therein was duly convicted, or held not innocent in the case of a juvenile, by the court wherein the conviction or holding was made, of each offense shown by the transcript or abstract. If the person denies any of the facts as stated therein, he shall have the burden of proving that the fact is untrue.

In pertinent part, Code § 46.2-354 reads as follows:

The court in which an information is filed as provided for in [Code] § 46.2-353, shall enter an order, which incorporates the transcript or abstract provided for in [Code] § 46.2-352 and is directed to the person named therein, to show cause why he should not be barred from driving a motor vehicle on the highways in the Commonwealth. A copy of the show cause order and the transcript or abstract shall be served on the person named therein in the manner prescribed by [Code] § 8.01-296(1).

If the person denies he was convicted or held not innocent of any offense necessary for a holding that he is an habitual offender, and if the court cannot, on the evidence available to it, make a determination, the court may certify the decision of the issue to the court in which the conviction or holding of not innocent was made. The court to which the certification is made shall forthwith conduct a hearing to determine the issue and send a certified copy of its final order determining the issue to the court in which the information was filed.

[2] Code § 46.2-386 reads as follows:

Abstracts required by [Code] § 46.2-383 shall be made on forms prepared by or approved by the Department and the . . . State Police. They shall include all information as to the parties to the case. In the event the abstract relates to a person convicted or found not innocent of a charge described in subdivision 1 or 2 of [Code] § 46.2-382, it shall include the nature and date of the offense, the date of conviction or finding of not innocent, the plea, the judgment, the penalty or forfeiture as the case may be, and the driver's license number if any, the month, day and year of birth, the sex and the residence address or whereabouts of the defendant and shall indicate whether the defendant appeared and was represented by or waived counsel. Every such abstract shall be certified by the general district court or juvenile and domestic relations district court judge or clerk of the general district court or juvenile and domestic relations district court or clerk of a circuit court as a true abstract of the records of the court as it relates to the charge, judgment and penalty.

Abstracts transmitted to the Department by electronic means may be certified by machine imprint of the name of the general district court or juvenile and domestic relations district court judge or the clerk's name of the general district court or juvenile and domestic relations district court or the name of the clerk of the circuit court that furnished the record as a true abstract of the records of the court as it relates to the charge, judgment, and penalty.

Referring to Code § 46.2-386, the appellants contend (1) that the definition of "abstract" contained in that statute must be applied to that same word in the Habitual Offenders Act, and (2) that the documents certified by the Department are not "abstracts" as so defined. The Commonwealth agrees that the documents certified by the Department in this case do not contain the same information required by Code § 46.2-386 for "abstracts."[3] However, the Commonwealth disagrees that the term, "abstract," as contained in the Habitual Offenders Act, is statutorily defined or limited by the recitation in Code § 46.2-386. The resolution of this disagreement is found in an analysis of the relevant statutes.

Although a proceeding brought pursuant to the Habitual Offenders Act is a civil proceeding, a finding by the trial judge that the statute was violated results in a forfeiture. *Hoye v. Commonwealth*, 12 Va. App. 587, 589, 405 S.E.2d 628, 629 (1991). "Therefore, the . . . statute must be strictly construed against the Commonwealth." *Id.*; *see also Flaherty v. Commonwealth*, 14 Va. App. 148, 151, 415 S.E.2d 867, 868 (1992). Moreover, statutes that create exceptions to the hearsay rule demand strict compliance. *Basfield v. Commonwealth*, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990).

The Habitual Offenders Act mandates that "[t]he Commissioner shall certify, from the Department's records, substantially in the manner provided for in [Code] § 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender." Code § 46.2-352. In a proceeding under the Act, "[t]he transcript or abstract may be admitted as evidence [and] shall be prima facie evidence that the person named therein was duly convicted . . . by the court wherein the conviction . . . was made, of each offense shown by the transcript or abstract." *Id.* By a statute which is specifically referenced in the Habitual Offenders Act, the legislature has further provided that "[w]henever any record, including records maintained by electronic media, by photographic processes, or paper, in the office of the Department is admissible

---

[3] For example, the record indicates that one of the convictions was reported by the Department as follows:

CONVICTED ON 05/10/83 DRIVING WHILE INTOXICATED OFF:04/17/83
  GENERAL DISTRICT CT ROCKINGHAM COUNTY
  DEMERIT PTS: 0 CODE SECTION: 18.2-266

in evidence, a copy, a machine-produced transcript, or a photograph of the record or paper attested by the Commissioner or his designee may be admitted as evidence in lieu of the original." Code § 46.2-215.

The statutory scheme, thus, provides that, in the initial instance, a person is subject to being adjudged an habitual offender based upon that person's "record . . . as maintained in the office of the Department." Code § 46.2-351. The Department's records consist of reports that the Department receives from authorized agencies. For example, by statute, the legislature requires every general district court and circuit court to keep a record of certain types of cases in which persons violate motor vehicle laws, use motor vehicles in the commission of crime, and become judgment debtors in cases involving motor vehicle laws. *See* Code §§ 46.2-382 and 46.2-382.1. In those cases, and in other cases specified in Code § 46.2-383, the general district court and the circuit court are required to "forward an abstract of the record to the Commissioner." Code § 46.2-383. "Abstracts required by [Code] § 46.2-383 shall be made on forms prepared by or approved by the Department and the . . . State Police." Code § 46.2-386.

In addition to requiring that those abstract forms be sanctioned by both the Department and the State Police, the legislature specified in detail the data to be reported on those forms.

[The abstracts] shall include all information as to the parties to the case. In the event the abstract relates to a person convicted or found not innocent of a charge described in subdivision 1 or 2 of [Code] § 46.2-382, it shall include the nature and date of the offense, the date of conviction or finding of not innocent, the plea, the judgment, the penalty or forfeiture as the case may be, and the driver's license number if any, the month, day and year of birth, the sex and the residence address or whereabouts of the defendant and shall indicate whether the defendant appeared and was represented by or waived counsel. Every such abstract shall be certified by the general district court or juvenile and domestic relations district court judge or clerk of the general district court or juvenile and domestic relations district court or clerk of a circuit court as a true abstract of the records of the court as it relates to the charge, judgment and penalty.

Code § 46.2-386.

In lieu of the actual completed abstract, the statutes allow the Commissioner to receive "[a]bstract data of conviction . . . by electronic means *provided that the content of the abstract and the certification complies with the requirements of [Code] § 46.2-386.*" Code § 46.2-383(B) (emphasis added). Indeed, the statute expressly provides that "[i]n cases where the abstract data is furnished by electronic means, the paper abstract shall not be required to be forwarded to the Commissioner." *Id.* Thus, when electronic means are not used to transmit the data, the statute requires that the Commissioner shall receive the complete paper abstract from the courts. *See* Code § 46.2-383.

The legislature specifically mandated that the Commissioner shall receive and maintain accurate data. Code § 46.2-383(B). Thus, Code §§ 46.2-382, 46.2-382.1, 46.2-383, and 46.2-386 determine which records shall be sent to the Commissioner by the courts, the content of those records, and the form of those records. To facilitate the efficient storage of the records that the Commissioner is required to maintain, the statute provides that "[t]he records required to be kept may, in the discretion of the Commissioner, be kept by electronic media or by photographic processes and when so done the abstract of the record may be destroyed." Code § 46.2-383(C). The only reasonable conclusion that can be drawn from these detailed statutes is that the legislature intended that the Department would retain the data that it received from the courts in the form of the actual paper abstract, or a photographic image of the paper abstract, or an electronic process that contains the data and the certification required by Code § 46.2-386.

> The principles of statutory construction require us to ascertain and give effect to the legislative intent. . . .
>
> Where possible, a statute should be construed with a view toward harmonizing it with other statutes. Because the Code of Virginia is one body of law, other Code sections using the same phraseology may be consulted in determining the meaning of a statute.

*Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424-25 (1992) (citations omitted).

The specific question that is raised by this appeal relates to the form and content of the records that the Commissioner certified to the courts and that were admitted in evidence when the habitual offender proceedings were instituted. The Habitual Offender Act states that "[t]he Commissioner shall certify, from the Department's records, substantially in the manner provided for in § 46.2-215, three transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender." Code § 46.2-352. The Commonwealth argues that because the Department maintains its records on a computerized system, it cannot practically comply with the requirement to certify an "abstract." That argument ignores the legislative response that "[a]bstract data of conviction may be furnished . . . by electronic means provided that the *content* of the abstract and the certification complies with the requirements of [Code] § 46.2-386." Code § 46.2-383(B) (emphasis added). Because the legislature has mandated that the Commissioner retain as records the paper abstract, or an electronic process that contains the data, or a photographic image of the record of convictions in certain cases, Code § 46.2-383, the statutory scheme dictates the conclusion that the abstract the Commissioner must certify and the abstract the trial judge may admit into evidence pursuant to Code § 46.2-352 must include the same data certified to the Commissioner pursuant to Code § 46.2-386.

Although the Commissioner may destroy the actual abstracts once the data has been electronically stored or photocopied, Code § 46.2-383(C), the statutory scheme contains no indication that the legislature intended that the Commissioner would purge data from the abstracts or sanitize the data after the records were transmitted to the Commissioner. Indeed, one of the purposes served by sending the data to the Commissioner is to cause accurate, complete information to be retained and maintained until needed to enforce the motor vehicle laws. The statutory scheme clearly contemplates that the Commissioner will retain and report complete records because various statutes require the Commissioner to review, correct, and supplement information gathered by other governmental entities, such as courts. *See, e.g.,* Code §§ 46.2-208(B)(9) and 46.2-212.

The motor vehicle statutes also contain the following directive: "Whenever any record, including records maintained by electronic

media, by photographic processes, or paper, in the office of the Department is admissible in evidence, a copy, *a machine-produced transcript*, or a photograph of the record or paper attested by the Commissioner or his designee may be admitted as evidence in lieu of the original." Code § 46.2-215 (emphasis added). This section sheds light upon the legislature's use of the term, "transcripts," in the Habitual Offenders Act. *See* Code § 46.2-352. By listing in Code § 46.2-215 these particular methods of reproduction, the legislature clearly intended to facilitate the Commissioner's reporting duties to the Court and the admissibility of records. Thus, by statute, the information contained on the actual court abstract, *see* Code § 46.2-386, or on the electronic media transmission (which must contain the exact and entire information designated by Code § 46.2-386), *see* Code § 46.2-383(B), may be transposed onto a computer print-out or similar machine-produced transcript in lieu of using the original, a copy, or a photograph of the original. This statute reinforces the conclusion that the legislature intended that the abstract or transcript the Commissioner is required to certify pursuant to Code § 46.2-352 must conform to the requirements specified in Code § 46.2-386.

The Commonwealth argues that not all convictions that may be used as predicate offenses for habitual offender proceedings are required to be reported on abstracts. The Commonwealth specifically refers to felony convictions involving operation of a motor vehicle, *see* Code § 46.2-351(1)(e), and convictions reported from jurisdictions outside Virginia under statutes paralleling and substantially conforming to Virginia law. Code § 46.2-351(3). The simple response is that the legislature specifically provided that the Commissioner certify the relevant conviction information in "transcripts *or* abstracts." Code § 46.2-352 (emphasis added). For those convictions that are predicate offenses for habitual offender proceedings and that are not of the type listed in Code § 46.2-383, no abstract need be prepared by the Court that rendered the judgment of conviction. To the extent that the predicate offenses are not required to be reported on abstracts, the Commissioner is authorized to certify from the Department's records "transcripts . . . of those conviction documents." *Id*. Therefore, a transcript of the Department's record of those offenses will satisfy the requirements of the Habitual Offenders Act.

Where, however, conviction data are required to be reported to the Commissioner on an abstract or by electronic process that contains the data includable on an abstract, I would hold that the Commissioner must certify from the records of the Department either the abstract, a copy of the abstract, or some electronic process that contains the data included on the abstract. The statutory scheme contains no indication that the legislature intended that the Commissioner would summarize its record of a person subject to an habitual offender proceeding and report to the court its summary. Consequently, I would further hold that the statutory directive allowing the admission into evidence of the abstract contemplates a document that satisfies the content requirements of Code § 46.2-386.

For these reasons, I would reverse the judgments and remand the cases to the circuit court for retrial.