## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Raymond Allen Bridgett

April 25, 1995

Case No. (Law) 16181

BY JUDGE JAMES H. CHAMBLIN

In this proceeding to declare the defendant an habitual offender, the Commonwealth's evidence presented on April 14, 1995, consisted of the certification and the transcript of the defendant's driver history record from the Department of Motor Vehicles (DMV) which show the following convictions:

| Offense at Conviction | Date of Offense | Date of Conviction | Court | Code |
|---|---|---|---|---|
| "Driving While Intox., 1st" | 11/7/88 | 2/17/89 | Prince William G.D.C. | 18.2-266 |
| "Driving While Intox., 1st" | 9/9/91 | 12/6/91 | Loudoun G.D.C. | 18.2-266 |
| "Driving While Intox., 1st" | 8/11/94 | 10/28/94 | Loudoun G.D.C. | Local Ord.: Loudoun |

The defendant had admitted into evidence certified copies of warrants with the court dispositions on the reverse side for the two Loudoun convictions. He points out the following differences between the warrants and the DMV records: (1) for the conviction on 12/6/91, the warrant shows an offense date of 9/8/91, while the DMV driver history record shows the offense date as 9/9/91; (2) for the conviction on 10/28/94, the warrant shows a violation of the Leesburg Town Code, while the DMV driver history record shows a violation of a Loudoun County ordinance. Because of these two differences, the defendant argues that he should not be declared an habitual offender.

I do not agree with the defendant's argument.

I find that the DMV information is erroneous in the two respects mentioned above.

In any proceeding to adjudicate a person an habitual offender, the burden is upon the Commonwealth to prove by a preponderance of the evidence that such person is an habitual offender as defined in § 46.2-351. The Commonwealth is required in this case to prove three predicate DUI convictions. The defendant does not challenge his convictions. He challenges the accuracy of certain information in the certification from DMV.

DMV may have in its records the wrong date of the DUI offense for which the defendant was convicted on December 6, 1991, but the error does not tend to show that the defendant was not convicted of DUI on that date. Likewise, an erroneous recitation of the DUI law violated for which the defendant was convicted of DUI on October 28, 1994, does not tend to show that he was not convicted of DUI on that date.

The defendant offered no evidence to show that as a result of an error in the date of offense in the DMV records, he was unjustly or wrongfully convicted of DUI on December 6, 1991. I refuse to find that because one or two pieces of information about the defendant in the DMV records are erroneous, all the information therein about the defendant is erroneous.

Section 46.2-352 requires the Commissioner of the DMV to certify only the information needed to bring the person named within the definition of an habitual offender. *Nesselrodt v. Commonwealth*, 19 Va. App. 448 (1994). To meet the definition of an habitual offender under § 46.2-351, the information needed would be the name of the person, the type of offense, the court of conviction, and the date of conviction. The date of offense would only be needed if the "multiple offenses within a six-hour period" rule of § 46.2-351 comes into play. There is no evidence that this rule has anything to do with this case.

The particular law violated may be needed if an issue arises out of a local ordinance or a foreign law substantially conforming to a Virginia statute. As to the DUI conviction on October 28, 1994, the defendant presented no evidence to rebut the presumption under *Bouldin v. Commonwealth*, 4 Va. App. 166 (1987), that either the county ordinance (if the DMV records are accurate) or the town ordinance (if the warrant is accurate) are substantially conforming to § 18.2-266.

The defendant merely points to erroneous information in his DMV records which are extraneous to the habitual offender proceeding. The errors relate to matters which merely "clutter" the trial court records.

*Nesselrodt*, 19 Va. App. at 452. The two errors are irrelevant to the validity of the convictions for habitual offender purposes.

Counsel have not cited and I cannot find any authority that the defendant can avoid an habitual offender adjudication merely because there is an error in the information provided by DMV pursuant to § 46.2-352.

Let Mr. Hanrahan prepare an appropriate order declaring the defendant an habitual offender to which Mr. Travostino may note his exceptions.