COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


LARRY E. SAMUELS
                                            OPINION BY
v.      Record No. 0377-97-3        JUDGE SAM W. COLEMAN III
                                          APRIL 14, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                   Porter R. Graves, Jr., Judge

        Dabney Overton, Jr., for appellant.

        Daniel J. Munroe, Assistant Attorney General
        (Richard Cullen, Attorney General, on brief),
        for appellee.



     Larry E. Samuels was convicted of driving on a suspended

license, see Code § 46.2-301, and driving a motor vehicle while

under the influence of alcohol (DUI) as a third offense.  See

Code §§ 18.2-266 and 18.2-270.  Samuels contends the trial judge

erred by admitting into evidence a 1987 DUI conviction order to

prove a third offense and to enhance punishment.  See Code

§ 18.2-270.  He asserts that the 1987 conviction order was

inadmissible because the Commonwealth failed to prove that he was

represented by counsel at the 1987 proceeding.  Finding no error,

we affirm the conviction.

                                I.

     Virginia State Trooper Michael Bailey responded to a report

of an accident on Route 340 in Rockingham County.  After an

investigation, he charged Samuels with driving under the

influence of intoxicants and driving on a suspended license.  At

trial, the Commonwealth introduced into evidence certified copies of Samuels' prior DUI convictions. Samuels objected to the admissibility of a summons and criminal warrant for DUI from Arlington County General District Court, which was offered to prove that Samuels had been convicted of DUI in 1987 and that his license had been suspended. He argued that the Commonwealth failed to affirmatively prove that he had been represented by counsel or had knowingly waived his right to counsel at the Arlington proceeding. Samuels offered no evidence and did not testify at trial that he had not been represented by counsel at the 1987 DUI proceeding. The trial judge overruled the objection.

As to the affirmative evidence concerning representation by counsel, one side of the Arlington County warrant contains the notations that Samuels pled guilty to DUI, that he was sentenced to serve thirty days in jail, with twenty-two days suspended, and that his license was suspended for six months. The name "Joe Duvall" is handwritten next to the notations pertaining to the guilty plea. In order to prove that "Joe Duvall" was an attorney and that he represented Samuels, the Commonwealth introduced a copy of a continuance form from the Arlington County General District Court dated November 12, 1986. The continuance form contained the notation "Atty Joe Duvall," and showed an address and phone number.

Samuels asserts that the foregoing evidence is insufficient

to prove that he was represented by counsel.  He notes that on the front side of the warrant no attorney's name or initials appear in the space under the pre-printed language:  "ATTORNEY FOR THE ACCUSED."  Also, on the side of the warrant showing the "Judgment of the Court" appears the following pre-printed section:

ATTORNEY(S) PRESENT: ☐ COMMONWEALTH
                     ☐ DEFENSE

_____
DATE

_____
JUDGE

Neither block is checked showing that the attorneys were present nor does a signature appear on the line for the trial judge.  A handwritten date -- "3-11-87" -- which was the trial date, was written on the date line.

After admitting the Arlington County documents into evidence, the trial judge ruled that they established that attorney Joe Duvall had obtained continuances for Samuels and that Duvall had represented Samuels at trial.  The trial judge found Samuels guilty of driving while his license was suspended and driving under the influence of alcohol as "a third offense," in violation of Code § 18.2-270.

II.

Code § 18.2-270 provides enhanced penalties for offenders

who are convicted of a "third offense or subsequent offense committed within ten years of an offense under [Code] § 18.2-266."  However, a prior, uncounseled conviction resulting in a jail sentence is "unconstitutional and cannot be used . . . to . . . enhance punishment for a subsequent [driving under the influence] conviction."  Griswold v. Commonwealth, 252 Va. 113, 116, 472 S.E.2d 789, 791 (1996).

The disposition of the case is controlled by our decisions in Nicely v. Commonwealth, 25 Va. App. 579, 490 S.E.2d 281 (1997), and James v. Commonwealth, 18 Va. App. 746, 446 S.E.2d 900 (1994).  See also Harris v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1998).  "[A] previous misdemeanor conviction attended by incarceration is constitutionally offensive and may support neither guilt nor enhanced punishment for a later offense, unless the accused either waived or was represented by counsel in the earlier proceeding."  Nicely, 25 Va. App. at 583, 490 S.E.2d at 283 (citing Nichols v. United States, 511 U.S. 738, 746 (1994)).  However, when, as here, a prior conviction is collaterally attacked in a subsequent proceeding, "the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'"  Id. at 584, 490 S.E.2d at 283 (quoting Parke v. Raley, 506 U.S. 20, 30 (1992)).  "'[E]ven when a collateral attack on a final conviction rests on constitutional

grounds, <u>the presumption of regularity that attaches to final judgments makes it appropriate</u> [for the fact finder to presume that the conviction was obtained in compliance with the defendant's right to counsel under the Sixth Amendment and] <u>to assign a proof burden to the defendant</u>.'" <u>James</u>, 18 Va. App. at 751, 446 S.E.2d at 903 (quoting <u>Parke</u>, 506 U.S. at 30). Thus, unless the defendant presents evidence rebutting the presumption of regularity, by which it may be presumed that the conviction was obtained in compliance with the defendant's right to counsel, the Commonwealth has satisfied its burden of proving that the prior conviction was valid and, therefore, was admissible to establish a third offense in order to enhance punishment. <u>Harris</u>, ___ Va. App. at ___, ___ S.E.2d at ___. Accordingly, because the defendant offered no evidence rebutting the presumption, the trial judge did not err by finding that the 1987 conviction was counseled and admitting it into evidence.

Although the defendant offered no evidence that he was not represented by counsel at the 1987 DUI proceeding, the trial court, nevertheless, found the evidence sufficient to affirmatively prove that the defendant was represented by counsel. Even though the trial judge could have relied solely on the presumption of regularity, we find that the additional evidence further supports the trial court's finding that the 1987 DUI conviction, which included actual incarceration, was counseled and valid.

First, the section of the Arlington DUI warrant on which appeared the notation "Joe Duvall" was designated "Judgment of the Court," and this was the section where the disposition of the case was noted. Also, the continuance request form contained the notation "Atty Joe Duvall" and an address and telephone number. The trial judge found that:

> Joe Duvall was the counsel who got the continuance. . . . All the adjudication of guilt as well as the sentence is on the warrant. Joe Duvall's name appears on the warrant and Joe Duvall was the one that got the continuance on behalf of the defendant.

Here, the continuance form indicates that Joe Duvall was an attorney and apparently shows his address and telephone number. The notations on the warrant show that the case was continued several times. The record supports the inference, which the trial judge drew as fact finder, that Duvall made an appearance in the case on behalf of the defendant and obtained a continuance. The fact that the name "Joe Duvall" was written beside the judgment order section of the warrant, where the judge's name and disposition of the case both appeared, further supports the finding that Duvall appeared at trial as counsel for Samuels. The warrant contains no notation or indication that Duvall had ever been relieved by the court of his representation of Samuels or had been granted leave to withdraw.

An appellate court will not disturb a trial judge's factual finding unless it is plainly wrong or without evidence to support it. See Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d

414, 416 (1993).

The trial judge's factual finding that Samuels was represented by counsel was not plainly wrong or without evidence to support it. For these reasons, the trial court did not err in finding that Samuels was represented by counsel or by admitting Samuels' prior conviction into evidence.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

Benton, J., dissenting.

"The rule is well established that 'in every criminal case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried.'" Sargent v. Commonwealth, 5 Va. App. 143, 148, 360 S.E.2d 895, 898 (1987) (citation omitted). The trial judge's finding that Larry E. Samuels was represented by counsel in 1987 when Samuels was convicted and sentenced to jail for driving under the influence of alcohol was "based only upon speculation and conjecture and cannot be permitted to stand." Dunn v. Commonwealth, 222 Va. 704, 706, 284 S.E.2d 792, 793 (1981). I would hold that the trial judge erred in using the 1987 conviction to enhance the punishment for Samuels' current conviction. See Griswold v. Commonwealth, 252 Va. 113, 116, 472 S.E.2d 789, 791 (1996).

The trial judge's finding that "Joe Duvall was the counsel who got the continuance" in 1986 is not supported by the evidence. The Arlington County General District Court form on which the continuance was requested indicates that on November 12, 1986, Samuels' case was continued to "Dec. 10, 1986" and that the continuance was "for the Defendant." Although Samuels was the defendant, the evidence clearly proved that the continuance request was made "By: E. Wiggins, Assistant Commonwealth Attorney" and that the form was signed only by "E. Wiggins." Under Wiggins' signature, the form contains the pre-printed

notation "Agreed: _____, Defendant or Attorney." That line is unsigned. Printed on the form, by the notation "Other/Remarks," are "Atty Joe Duvall," an address, and a telephone number. No evidence proves who printed the name and the identifying information.

In short, that document does not establish that either Samuels or "Atty Joe Duvall" was present in the Arlington County General District Court on November 12, 1986, when the continuance was granted. It indisputably proved, however, that "E. Wiggins," the assistant Commonwealth's attorney, requested the continuance for Samuels. From the failure of the evidence to prove Duvall's presence, the hypothesis is as likely as not that the assistant Commonwealth's attorney requested the continuance as a courtesy, believing that Duvall would represent Samuels.

No evidence proved that Duvall ever made a court appearance. Although the notations on the warrant establish that the case was continued to December 10, 1986, and later to January 27, 1987, and March 11, 1987, respectively, no evidence tends to prove whether on those continued dates Duvall was present in court and actually represented Samuels. The front of the warrant contains the pre-printed words "attorney for the accused" and a space for a name. No writing or name appears in that space. No evidence tends to prove who wrote the name "Joe Duvall" on the back of the warrant or when that name was written. Obviously, the name could have been written on August 20, 1986, when the

initial hearing was scheduled, or on October 8, 1986, November 12, 1986, December 10, 1986, or January 27, 1987, all of which appear from the warrant to be continuance dates. Indeed, nothing in the record refutes the probable inference that on November 12, 1986, when the assistant Commonwealth's attorney requested the continuance "for the Defendant," the trial judge or the clerk then wrote the name believing that Joe Duvall would be representing Samuels at the rescheduled hearing in December 1986.

Samuels was convicted on March 11, 1987, on his plea of guilty. Samuels needed no attorney to plead guilty. See Griswold v. Commonwealth, 19 Va. App. 477, 483-84, 453 S.E.2d 287, 291 (1995). Moreover, the warrant suggests that Samuels was indeed uncounseled on that day. The back of the warrant contains the following pre-printed words:

ATTORNEY(S) PRESENT: ☐ COMMONWEALTH
☐ DEFENSE

_____
DATE

_____
JUDGE

However, only the date "3-11-87" is written in the appropriate place. The form does not contain either an indication that attorneys were present or the judge's signature. Thus, the evidence in this case is not just silent regarding representation of counsel. The evidence contains a judgment order form on which

the general district court judge should have noted the presence of counsel, if counsel was present, but did not do so. The reasonable inference to be drawn from the omission is that counsel was not present.

In James v. Commonwealth, 18 Va. App. 746, 752, 446 S.E.2d 900, 903 (1994), this Court specifically held that the Commonwealth has the burden of persuasion to prove that the prior conviction was counseled. This Court held that the Commonwealth's burden is only satisfied upon the following proof:

> We hold that the Commonwealth satisfies its burden of going forward when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding. "Upon such a showing by the [Commonwealth] the doctrine of 'presumption of regularity' is then applied, and unless the defendant presents credible evidence that there is some constitutional infirmity in the judgment it must stand."

Id. at 752, 446 S.E.2d at 904 (citation omitted) (emphasis added).

I disagree with the panel's ruling in Harris v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1998), that the holding in James was dictum. In James, the Commonwealth offered a prior conviction order for the purpose of seeking an enhanced punishment. The conviction order proved the fact of conviction and also showed on its face that the defendant had counsel when

- 11 -

convicted and incarcerated. 18 Va. App. at 749, 446 S.E.2d at 902. The Court held that this proof satisfied the Commonwealth's burden.

In every case, the introduction of a properly certified judgment order proves the fact of the conviction. Not all uncounseled convictions are invalidated for purposes of enhancing punishment for a subsequent conviction. See Nichols v. United States, 511 U.S. 738, 749 (1994) (holding that an uncounseled misdemeanor conviction where no incarceration was imposed may be used to enhance punishment for a later conviction). Thus, when a conviction order proves only the fact of a conviction, it may be presumed valid for purposes of enhancement. See Nicely v. Commonwealth, 25 Va. App. 579, 585, 490 S.E.2d 281, 283 (1997). However, where a conviction order on its face proves incarceration, it may not be used to enhance punishment when the defendant was uncounseled. See Griswold, 252 Va. at 116, 472 S.E.2d at 791 (citing Burgett v. Texas, 389 U.S. 109, 114-15 (1967)).

When the Commonwealth seeks to enhance a sentence using a prior conviction that resulted in incarceration, "[p]resuming waiver of counsel from a silent record is impermissible." Burgett, 389 U.S. at 114. Because the evidence in James proved that the defendant's conviction was counseled and the Commonwealth produced a "properly certified conviction" which "appeared on its face to be a valid final judgment," the Court

held that the Commonwealth satisfied its burden of proving the prior conviction was valid and could be used for sentence enhancement.  The Commonwealth's evidence in James satisfied its burden because it proved both the fact of conviction and that the defendant's conviction was counseled.  See 18 Va. App. at 749, 446 S.E.2d at 902.

The ruling in Nicely relies upon the holding in James and is consistent with that holding.  There, the Commonwealth "introduced into evidence a [Department of Motor Vehicles] 'transcript'" to prove a prior conviction.  Nicely, 25 Va. App. at 582, 490 S.E.2d at 282.  The transcript did not prove whether the defendant was incarcerated as a result of the conviction.  See id. at 581, 490 S.E.2d at 282.  However, the transcript is statutorily deemed to be "prima facie evidence that the person named therein was duly convicted."  Code § 46.2-352 (emphasis added).  In that context, this Court held that "the record of a prior misdemeanor conviction silent with respect to related incarceration or representation of the accused by counsel, is entitled to a presumption of regularity on collateral attack." Nicely, 25 Va. App. at 587, 490 S.E.2d at 284 (emphasis added). Because of the presumption of regularity attached to the record of conviction and the absence of any indication of incarceration, the Commonwealth's failure to offer additional evidence that the conviction was counseled was irrelevant.  Unlike the judgment order at issue in Samuels' appeal, which proved an incarceration,

the Division of Motor Vehicles' transcript in <u>Nicely</u> contained no indication of incarceration and no prescribed place for the agency to denote the presence of counsel.  <u>See</u> <u>Nesselrodt v. Commonwealth</u>, 19 Va. App. 448, 451, 452 S.E.2d 676, 678 (1994).

Even if we ignore the actual holding in <u>James</u> and apply "the principle that 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears,'" <u>James</u>, 18 Va. App. at 751, 446 S.E.2d at 903, (citation omitted), the evidence in this record proved that the general district court judgment order was not "rightly" done on precisely the issue the majority opinion presumes correct.  In this case, the Commonwealth sought to prove the prior conviction by offering as evidence copies of the judgment order of the general district court where Samuels was convicted.  No presumption of regularity can be given to that judgment order with respect to the portions of the order that are facially irregular.  The place on the order specifically printed to require the judge to denote the presence of counsel was not completed.  Unlike the transcript in <u>Nicely</u>, which was in regular and proper form and proved no incarceration, the judgment order in this case proved incarceration and clearly failed to denote the presence of Samuels' counsel, as required to be done on the face of the order.  The document on its face was irregular and refuted any presumption that could be otherwise accorded to it.

Because the continuance form was submitted by the assistant

Commonwealth's attorney and because of the lack of information on the warrant at the places provided to note the presence of attorneys, I would hold that the Commonwealth failed to prove that Samuels was counseled when convicted on March 11, 1987. Nothing on the face of the documents supports the trial judge's contrary finding. The trial judge's finding is solely based upon the faulty assumption that "Joe Duvall was the counsel who got the continuance" in 1986. In upholding that finding, the majority speculates that the handwritten notation, "Joe Duvall," was made because Duvall must have been in the courtroom when Samuels was convicted in 1987. That speculation is based on a suspicion that the notation would not otherwise have been made. "Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 415, 482 S.E.2d 853, 860 (1997).

Because the record refutes the trial judge's finding and fails to prove that Samuels was represented by counsel when he was convicted on March 11, 1987, I dissent.