Tuesday                    19th

October, 2004.

In Re:  Herman Cephus Newman,

                                                                        Petitioner.

Record No. 2244-04-4

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys

Herman Cephus Newman petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  Newman challenges his 1994 adjudication as an habitual offender, as well as his conviction of driving after having been declared an habitual offender in Culpeper County Circuit Court on April 2, 1997.[1]

Newman argues that he was adjudicated an habitual offender under statutes that were flawed and have since been repealed.  According to Newman, because he was unlawfully declared an habitual offender, the circuit court lacked jurisdiction to convict him of driving after having been adjudged an habitual offender.

Newman is not eligible for the writ.  Code § 19.2-371.10 permits "a person who was convicted of a felony" to seek a writ of actual innocence in this Court.  A proceeding resulting in an habitual offender adjudication is civil in nature and does not produce a felony conviction.  See Hoye v. Commonwealth, 12 Va. App. 587, 589, 405 S.E.2d 628, 629 (1991).  Thus, Chapter 19.3 affords Newman no basis for relief resulting from his adjudication as an habitual offender.

---

[1] The attachments to the petition indicate the sentencing date was May 6, 1997.

Newman's contention of innocence of driving after having been declared an habitual offender rests upon legal argument challenging the validity of the statutes leading to his adjudication.[2]  However, Chapter 19.3 allows review only based on previously unknown or unavailable non-biological *evidence*. Evidence is "[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact . . . ."  <u>Black's Law Dictionary</u> 595 (8th ed. 2004).  A fact is "[a]n actual or alleged event or circumstance, *as distinguished from its legal effect, or interpretation*."  <u>Id.</u> at 628 (emphasis supplied).  The legal arguments presently advanced by Newman are not "evidence" entitling him to relief under Chapter 19.3.  Accordingly, we summarily dismiss Newman's petition.

Because the issues addressed herein are of first impression and potential litigants and members of the bar may benefit from the directives herein, we direct the Clerk to publish this order.

A Copy,

Teste:

Clerk

---

[2] On appeal of the circuit court's refusal to vacate its judgment of conviction, this Court denied appellant's petition for appeal and found no merit to appellant's claim the circuit court lacked jurisdiction to prosecute him.  <u>See</u> <u>Newman v. Commonwealth</u>, Record No. 0693-01-4 (order of May 30, 2001).